O’NIELL, Chief Justice.
 

 The State is appealing from a judgment sustaining a demurrer to a bill of information, attempting to charge the defendants with the crime of burglary in the nighttime.
 

 The crime is defined in article 60 of the Criminal Code, thus:
 

 “Burglary in the Nighttime is the unauthorized entering between sunset and sunrise of any inhabited dwelling, or of'any structure, watercraft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
 

 “(1) Is armed with a dangerous weapon; or
 

 “(2) After entering arms himself with a dangerous weapon; or
 

 “(3) Commits a battery upon any person while in such place, or in entering or leaving such place.”
 

 The bill of information charges merely that the defendants, “between the hours of sunset and sunrise, did wilfully, feloniously and unlawfully enter the inhabited dwelling'house of one Mrs. Elma Galarza, located at 1007 North Rampart Street, with the felonious intent to commit a theft therein, contrary to the form of the statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.”
 

 The defendants in their demurrer contended that the -bill of information was
 
 *299
 
 not sufficient to accuse them of committing the crime defined in article 60 of the Criminal Code, because of the failure to allege either (1) that one of them was armed with a dangerous weapon, or (2) that aft-ed they entered the house one of them armed himself with a dangerous weapon, or (3) that they or one of them committed a battery upon some person while in the house, or in entering or leaving the house.
 

 The State contends that in an indictment for burglary in the nighttime the allegation that the offender was armed with a dangerous weapon, or that he armed himself after entering the house, or that he committed a battery upon a person while in the house or in entering or leaving the house, is not necessary where it is alleged that the structure which was burglarized was an inhabited dwelling; but that it is necessary to make one of these additional allegations, — that is, that the offender was armed with a dangerous weapon, or that he armed himself with a dangerous weapon after entering the house, or that he committed a battery upon some person while in the place or in entering or leaving the place, — only when the structure or place alleged to have been burglarized is not an inhabited dwelling.
 

 We'agree with the judge of the Criminal District Court that in an indictment or bill of information for the crime of burglary in the nighttime, as defined in article 60 of the Criminal Code, it is essential to charge that the defendant was armed with a dangerous weapon when he entered the place, or that he armed himself with a dangerous weapon after entering the place, or that he committed a battery upon some person while in the place, or in entering or leaving the place; and we agree with the judge that these allegations are essential as well in an indictment or bill of information for burglary of an inhabited dwelling as in an indictment or bill of information for burglary of any other structure. The article is so worded as to make no distinction in that respect between burglary of an inhabited dwelling and burglary of an uninhabited dwelling or other structure. The only distinction that is made with regard to an inhabited dwelling is that in a charge of burglary of an inhabited dwelling it is not necessary to allege that a person was present in the inhabited dwelling at the time of the burglary; whereas in charging burglary of any structure Other than an inhabited dwelling' it is necessary to allege that a person was present in the structure at the time of the burglary. That distinction is explained in the comment on article 60, written by the reporters who compiled the Criminal Code; but the comment has nothing to do with the question of necessity in an indictment or bill of information for burglary of an inhabited dwelling to allege that the party accused was armed with a dangerous weapon, or that he armed himself with a dangerous weapon after entering the dwelling, or that he committed a battery upon some person while in the dwelling or while entering or leaving the dwelling. 'The wording of article 60 of the Criminal Code makes it very plain that one or another of these additional and alternative-allegations. is-essential in an indictment or bill of information for burglary
 
 *301
 
 of an inhabited dwelling, as well as in an indictment or bill of information for burglary of any other structure.
 

 The bill of information, in this case might be a sufficient charge of the crime of simple burglary, as defined in article 62 of the Criminal Code. The penalty for that crime is imprisonment at hard labor for a term not more than 9' years; whereas the penalty for the crime of burglary in the nighttime, as defined in article 60, is imprisonment at hard labor for a term not less than 3 nor more than 30 years. It is not contended, however, that the judge should have sustained the bill of information tas ’a valid charge of simple burglary, instead of dismissing the prosecution.
 

 The judgment is affirmed.