PONDER, Justice.
The defendant was charged in a bill of information with aggravated burglary of a dwelling inhabited by one William Fuller and one Mrs. Elise Fuller. His counsel moved to quash the information on the ground that it was not alleged that any person or persons were actually present in the dwelling at the time of the alleged burglary. The trial judge quashed the information and the state, after having reserved a bill of exception, has appealed.
Article 60 of the Criminal Code, as amended by Act 285 of 1948 defines aggravated burglary as the unauthorized entering of any inhabited dwelling, or of any structure, watercraft, or movable where a person is present, etc. Under the plain provisions of this article of the Criminal Code, it is not necessary to allege that a person was present in the inhabited dwelling at the time of the alleged burglary. It is only when there is a burglary of any structure, etc., that it is necessary to allege that a person is present. This was pointed out in the case of State v. Fazzio, 208 La. 296, 23 So.2d 99. The charge in the Fazzio case was brought under Article 60 of the Criminal Code before the 1948 amendment. Act 285 of 1948 in amending Article 60 and repealing Article 61 of the Criminal Code merely eliminated the distinction between burglary in the daytime and burglary in the nighttime. This amendment did not change the provision regarding the unau *879 thorized entering of an inhabited dwelling. The Fazzio case is not only controlling but a correct interpretation of the plain provisions of the statute regarding the unauthorized entry of an inhabited dwelling.
For the reasons assigned, the judgment of the lower court is reversed and set aside. The information is reinstated and the case is remanded to the lower court to be proceeded with according to law.