286 So.2d 331 (1973)
STATE of Louisiana
v.
Vicky Ronald HICKS.
No. 53840.
Supreme Court of Louisiana.
December 3, 1973.
C. O. Brown, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-appellee.
*332 SUMMERS, Justice.
Defendant Vicky Ronald Hicks was charged by bill of information with aggravated burglary. La.Crim.Code art. 60. After trial by jury he was found guilty as charged and sentenced to the custody of the Department of Corrections to serve at hard labor for ten years. On this appeal he urges three errors upon which he relies for reversal of his conviction and sentence.

I.
So far as we can ascertain from the briefs and the entire record which is before us, including a complete transcript of all proceedings, the first error asserted is: defense counsel was not permitted to state to the jury in his closing argument that, in order to constitute aggravated burglary, the law requires that someone be present in the "inhabited dwelling" at the time of the unauthorized entry. Defense counsel sought to make the point, based on the evidence at the trial, that the defendant and another entered the dwelling of Anthony Cataldie while no one was home. When the defendant and his companion heard noises in the driveway indicating that the Cataldie family had returned, they escaped through a window. Thus, at no time while they were in the house were any of its inhabitants at home. From these facts and his proffered statement of the law, defense counsel sought to argue that an essential element of the crime of aggravated burglary was not present. He concluded that since no one was in the house at the time of the entry, only a verdict of simply burglary could be returned.
The State objected to this argument, saying that it was a misstatement of the law and would be corrected by the trial judge in his instructions to the jury.
Article 60 of the Criminal Code defines the crime of aggravated burglary in these words:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender
(1) Is armed with a dangerous weapon, or,
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon a person while in such place, or in entering or leaving such place.
. . . . . .
In explanation of the scope of this article, the Reporter's Comment states:
The crime extends to buildings, vessels, and movables as well as dwellings. The reason for this inclusion is that there may also be great danger to human life in the burglarizing of vessels, trailers and the like.
In cases involving a structure, water craft, or movable, however, it is necessary that someone be present when the crime is committed. If no one is present in such cases the crime can only be simple burglary. In the case of dwellings, inhabitation is all that is necessary; whether someone is actually there at the time of the crime is unimportant. (emphasis added).
In his instructions to the jury explaining the meaning of Article 60, the trial judge said, "And there is no requirement in the law that a person must be present when the entry is into an inhabited dwelling, an inhabited dwelling means a place where someone generally lives." See also State v. Glynn, 217 La. 871, 47 So.2d 670 (1950), and State v. Fazzio, 208 La. 296, 23 So.2d 99 (1945).
Defense counsel's argument was, in fact, an improper statement of the law. It is not essential to the crime of aggravated burglary of an inhabited dwelling that a person be present in the dwelling at the time of the unauthorized entry. As the *333 foregoing authority is clear, the trial judge properly explained the law in his instructions to the jury. The accused has no right to require that his counsel be permitted to misstate the law to the jury. This defense contention has no merit.

II.
Hicks was arrested on November 7, 1972. The bill of information was filed on January 12, 1973. At the arraignment on February 5, 1973, Hicks, represented by counsel, entered a plea of not guilty and the case was set for trial on March 26, 1973. On March 21, five days prior to trial, defense counsel, relying upon Art. 643 of the Code of Criminal Procedure,[1] filed an application for a hearing to determine defendant's mental capacity.
In support of his application, it was alleged that in 1964 when Hicks was fifteen years old he was involved in a motorcycle accident in which his head was crushed. As a result he became blind in one eye and lay in a coma for four months. At the age of sixteen he recovered somewhat and was sent to Louisiana Training Institute for seven months. He has spent all of his young life in prison having been in and out of Angola continuously since that time. Because of his lack of education and his injury, it is alleged, his mental condition has deteriorated to the point where he does not have the mental capacity to assist in his defense. On these allegations a hearing was prayed for to determine defendant's present mental condition and his mental condition at the time of the commission of the alleged crime.
A hearing was held on this application on March 26. The entire presentation on behalf of the defense consisted of only an oral argument by defense counsel reiterating the allegation set forth in the application. No witnesses testified and no records or documents were tendered in support of the assertions; however, the record does not support defense counsel's statement in brief that this was a "unilateral sanity hearing." Nothing in the record indicates that defense counsel was denied the opportunity to present evidence to support the allegations of the application.
In denying the application, the trial judge found there was nothing to indicate to him that Hicks lacked the mental capacity to proceed. Inferentially, it may be said, the judge considered Hicks rational and sufficiently intelligent. Nevertheless, the judge stated he had asked Dr. Roy D. Hill, M.D., a psychiatrist, who had often served as an expert for the court on such cases, to assist him in the matter and to examine Hicks and ascertain if a reasonable basis existed for the claim that he lacked mental capacity to proceed. Dr. Hill, who is on the staff of Central Louisiana State Hospital, an institution for the mentally ill, examined Hicks prior to the hearing and reported in writing to the trial judge. In his report dated March 26, he expressed the opinion that the accused did have the mental capacity to proceed and did have the capacity to understand the proceedings against him and was thus able to assist in his defense.
The only logical conclusion that can be drawn from this record is that the defense has failed to convince the court that there was a reasonable ground to doubt the defendant's mental capacity to proceed. The circumstances recited convince this court that the record does not support a finding that the trial judge abused the discretion vested in his office by law. State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Square, 257 La. 743, 244 So.2d 200 (1971); State v. Johnson, 249 La. 950, 192 *334 So.2d 135 (1966), cert. denied, 388 U.S. 923, 87 S.Ct. 2144, 18 L.Ed.2d 1374.

III.
Prior to trial, the Assistant District Attorney filed in open court, in the presence of the defendant and his counsel, a notice that the State intended to use oral and written statements which were confessions made by the defendant on November 7, 9 and 11. These had been reduced to writing in one document and had been signed by him in the presence of witnesses. In substance, this confession was a recitation of the details of a series of burglaries perpetrated by Hicks and accomplices beginning on Halloween night and ending with his arrest on the night of November 7.
Despite the fact that these inculpatory statements were made long prior to trial, no motion to suppress them was filed. However, at the trial, prior to the introduction of the confession, a lengthy hearing was held outside the presence of the jury to determine whether the statements were free and voluntary.
At this hearing defense counsel sought to show that one of the detectives who interrogated Hicks used various threats and tricks to obtain a confession; for example, he threatened to send him back to "pine four, line four", one of the roughest places in the state penitentiary at Angola, if he didn't cooperate; withheld Hick's automobile from his girl friend until Hicks gave the confession; and misrepresented to Hicks that his accomplice in the instant burglary had confessed. By these devices, it is said, Hicks was induced by subtle threats and trickery into confessing. In addition, defense counsel sought to show that by helping Hicks with details of his personal affairs outside the jail, the officers influenced him to cooperate with them and to confess the crime.
Three detectives were involved in the interrogation of Hicks and the taking of his written confession. They testified affirmatively to the facts and circumstances surrounding the confession, categorically denying that they devised or employed inducements and tricks which impaired the voluntary character of his confession. Only Hicks testified on the issue for the defense. He conceded on cross-examination by the State that he had been given the Miranda warnings. Otherwise his testimony was unimpressive, consisting of his own interpretation of the events occurring during the interrogation based solely on speculation and conjecture.
At the conclusion of the hearing, the trial judge found that the confession was made freely and voluntarily without any threats, inducements, promises or rewards and that all of the warnings to which the accused is entitled were given. The ruling was correct.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM and CALOGERO, JJ., concur.
NOTES
[1] La.Code Crim.Proc. Art. 643 provides:

"The court may order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed. If the defendant does not have counsel when a mental examination is ordered, the court shall appoint counsel to represent him prior to and at the hearing on the question of present capacity to proceed."