796 So.2d 164 (2001)
STATE of Louisiana, Appellee,
v.
Lawrence HALL, Sr., Appellant.
No. 35,151-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*166 William B. King, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Robert Randall Smith, Carl Leroy Ekendahl, Assistant District Attorneys, Counsel for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
DREW, J.
Lawrence Hall, Sr., who broke into the home of his former girlfriend and stabbed her three times with a butcher knife, appeals the sentence of 30 years at hard labor he received after pleading guilty to aggravated burglary. We affirm.

FACTS
On January 7, 2000, Hall, who was already under a domestic abuse restraining *167 order, gained entry into his former girlfriend's Bossier Parish apartment by throwing a trailer hitch ball through a sliding glass door. Once inside the residence, Hall stabbed the victim three times with a butcher knife. A male who was present in the home struggled with Hall and forced him to leave.
Hall was charged with attempted second degree murder and aggravated burglary. The parties entered into a plea bargain under which Hall agreed to plead guilty to the aggravated burglary charge in exchange for the state's agreement to dismiss the attempted murder charge and a related but separately charged offense of making threatening telephone calls. The district court sentenced Hall to serve 30 years at hard labor and denied a timely motion for reconsideration of sentence. Hall now argues on appeal that his sentence is excessive.

DISCUSSION
Hall urges that the district court failed to give sufficient consideration to certain matters in mitigation, i.e., that the guilty plea saved the state time and money in lieu of a trial. In addition, Hall complains that the court should not have considered the facts which constituted the basis for the dismissed count of attempted second degree murder and that the court should not have considered "unsubstantiated" arrest records. Hall further urges this court to consider an unsubstantiated claim that he has developed heart disease while incarcerated and is in need of a heart transplant.
At the outset, we note that the defense did not cite any authority for the proposition that the sentencing court could not consider the facts which made up the res gestae of the instant offense. Aggravated burglary is defined in La. R.S. 14:60[1], with our emphasis added, as:
[T]he unauthorized entering of any inhabited dwelling,
OR
of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or

*168 (2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.
A sentencing judge should consider, at an absolute minimum, the criminal record of the defendant and every detail of the offense committed, which in this case would be everything that occurred from the moment Hall threw the hitch until his cowardly getaway. It is simply impossible to segregate the facts of the attempted murder from the facts of this aggravated burglary. The district judge properly considered all of the facts of this savage aggravated burglary committed by Hall.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay, arrests and conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40. Therefore, the district court did not err in considering defendant's arrest records.
We turn next to the claim of excessiveness of sentence. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Our review of the record discloses that the court adequately articulated its reasons for sentence.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33-111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The court was well aware that defendant's decision to plead guilty saved the state the expense of a trial.
The second prong of the test is whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
*169 As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence the district court reviewed a PSI report and considered the facts of the case. The court noted that Hall was arrested in Plaquemine, Louisiana on a fugitive warrant after he fled the scene of the crime. The plea agreement saved Hall many years in prison. He had a history of arrests in the Baton Rouge area for aggravated assault and simple assault, and had violated a protective order in 1992. He had convictions for soliciting prostitution and for issuing worthless checks. When Hall committed the instant offense he was on bond on pending charges of stalking, simple assault and making harassing telephone calls to the victim of the offenses involved in this case. The court found there was no justification or mitigation for Hall's criminal conduct. The court also expressed its opinion that a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find sentencing error. Hall, 44 years old at the time of the instant offenses and a high school graduate, received a substantial benefit from his plea bargain which obtained the dismissal of a charge of attempted second degree murder which carried a sentencing exposure of up to 50 years imprisonment without benefit. The resulting offense of conviction does not accurately describe his criminal conduct on the night in question. We also note that Hall had previously threatened to kill the victim and had been ordered by a court of competent jurisdiction to stay away from her. The judge's sentence, when defendant's conduct is totally absorbed, is quite light, even though it was the maximum allowable after this plea bargain was entered.
The sentence imposed is lawful. It is not grossly disproportionate to the severity of the offenses committed nor is it shocking to the sense of justice. There is no showing that the trial court abused its discretion in imposing this sentence which is not constitutionally excessive. The trial court did not err in denying the motion for reconsideration of sentence. The assignment of error lacks merit.
Hall's final assignment of error is a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. La.C.Cr.P. art. 920; State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La.1993). We have examined the record for error patent and found none.

DECREE
The conviction and sentence are AFFIRMED.
NOTES
[1] There is much confusion about the crime of aggravated burglary. If the burglarized structure is a residence, even though the victims are not in this place of abode at the time of the burglary, the premises are still considered to be "an inhabited dwelling." Being inhabited does NOT mean someone has to be present at the time of the burglary; "Inhabited" does not mean "occupied". See Reporter's Comment to La. R.S. 14:60. See also State v. Powers, 344 So.2d 1049 (La.1977) and State v. Hicks, 286 So.2d 331 (La.1973). If the structure burglarized is NOT an inhabited dwelling, the first tier of the required elements of article 60 may still be satisfied, if a person is actually inside the boxcar, truck, store, houseboat, or hoopty being burglarized.

The second tier of requirements may be satisfied by a perpetrator who is armed at the time of the offense, OR a perpetrator who arms himself (steals a dangerous weapon) during the offense, OR commits a battery upon a person while entering, leaving, or while inside the premises. Thus, the vicious Mr. Hall was armed AND committed a battery during the unauthorized entry into an inhabited dwelling. It just so happens that humans were present in the inhabited dwelling (his ex-girlfriend's apartment), a fact which is NOT always necessary for a conviction of this crime. Thus, an aggravated burglary may be committed without the victim being present, if the place entered is an inhabited dwelling (Does someone occasionally spend the night?), IF the perpetrator is armed or steals a dangerous weapon, as defined in Article 2(3) of the Louisiana Criminal Code. Likewise, an aggravated burglary may be committed if a person is battered by the burglar during the offense, even with no dangerous weapon being involved.