DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-620

STATE OF LOUISIANA

VERSUS

JOHNNY OTIS WASHINGTON

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71026 & 71027
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

J. DAVID PAINTER

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

James E. Beal
Louisiana Appellate Project
P.O. Box 307
Jonesboro, LA 71251
Counsel for Defendant-Appellant
    Johnny Otis Washington

William E. Tilley
District Attorney-30th Judicial District Court
Terry W. Lambright
Assistant District Attorney-30th Judicial District Court
P.O. Box 1188
Leesville, LA 71146
Counsel for Appellee
    State of Louisiana

**PAINTER, JUDGE**.

Defendant, Johnny Otis Washington, appeals the sentences imposed in connection with his convictions for possession of cocaine and possession of drug paraphernalia. Finding no error in the sentences imposed, we affirm.

## FACTS

On July 27, 2006, Defendant was seen by Leesville City Police officers walking in the area of South Simpson Street, near the corner of Havana Street. The officers had previously seen Defendant talking with individuals in a blue Lincoln that drove away immediately when the officers came near. The officers stopped Defendant and during a pat down, found paraphernalia commonly used for smoking crack cocaine. The officers also found crack cocaine in the hatband of Defendant's hat. Defendant had been previously convicted on September 8, 2004, and October 21, 2005, for possession of drug paraphernalia, thus, the present conviction for possession of drug paraphernalia was his third offense.

Defendant was charged with obstruction of a roadway, two counts of possession of drug paraphernalia, third offence, and possession of cocaine. Defendant plead guilty to possession of cocaine and possession of drug paraphernalia third offence. The two remaining charges were dismissed. He was sentenced to five years at hard labor for possession of drug paraphernalia, third offense and to five years at hard labor for possession of cocaine. The court ordered the sentences to run concurrently.

## DISCUSSION

*Excessive Sentence.*

1

In his sole assignment of error, Defendant argues that his sentences are excessive because the trial court failed to give sufficient consideration to mitigating factors. In his *pro se* Motion to Reconsider Sentence, Defendant argues that his attorney failed to present letters which supported the conclusion that Defendant is not a drug dealer, but a drug addict in need of treatment. Defendant contends that his attorney's lack of effort was a contributing factor in his receiving a harsh sentence. Further, Defendant asserts that his prior felony convictions were in the State of California and that references to those convictions were irrelevant and may have caused prejudice in the trial court's decision. Defendant asked the trial court to consider the following facts in making its decision: 1) Defendant is 53 years old; 2) he is the only caretaker of his 80-year-old diabetic mother who is in poor health; 3) he is employed by Magic Touch Cleaning Service; 4) his wife is expecting their first child; 5) he has no history of violence and is not a threat to anyone or to the community; 6) he has an addiction to cocaine and is in need of treatment. Defendant adds in his Memorandum in Support of Motion to Reconsider Sentence that there is an error or misinterpretation in the pre-sentence investigation report (PSI) which disclosed his past convictions of certain felonies. According to Defendant, a careful inspection of the PSI will reveal that felony charges in California were about thirty years old and that most of the felonies were dropped due to plea agreements. Defendant maintains that if there had not been so many felonies in his PSI, the trial judge would have imposed a lesser sentence.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

2

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. Further, as noted by this court in *State v. Brandenburg*, 06-1158 (La.App. 3 Cir. 2/7/07), 949 So.2d 625, 644, "'[a]s a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender.' *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169."

3

Defendant was convicted of possession of cocaine which carries a maximum possible sentence of five years, with or without hard labor, and possible fine of not more than five thousand dollars. La.R.S. 40:967(C)(2). The five year sentence Defendant received was the maximum prison sentence allowed. However, he was not fined. Possession of drug paraphernalia with intent to use, third offense, carries a maximum possible sentence of five years, with or without hard labor, and a fine of not more than five thousand dollars. La.R.S. 40:1025(C). Again, the five years Defendant received was the maximum prison sentence allowed, but he was not fined.

At sentencing, the trial court considered the following mitigating and aggravating factors:

> The Court ordered a pre-sentence report. I've received it and reviewed it in determining sentence today. I've also reviewed the factors in Code of Criminal Procedure Article 894.1 and the following special considerations. Was there economic harm caused to the victim? Yes. This is a drug case and there is always economic harm or impact on society in general when one uses or distributes illegal drugs. The Court does not find that any substantial grounds exist that tend to excuse or justify his conduct. He acted on his own free will and accord. No provocation by the victim or anyone else. He is fifty-two years old, almost fifty-three. He is single, he has four children. He is in good health. He had surgery on his back and head. He sustained serious injuries during a robbery incident. His employment history consists of being a laborer. He was employed at this time of the interview with Magic Touch Cleaning. He completed the eighth grade. He has no G.E.D. He admits to the use of crack cocaine for the past twenty years. He stopped for a number of years and then started again about three years ago. He has received no treatment in the past for this habit. He has a substantial prior criminal record. He is a third felony offender. He has a burglary conviction in 1974 in Stockton, California. He has another - - that was in January of '74. In December of '74 in Stockton, California he had another burglary conviction. He had a receiving stolen property conviction which is a misdemeanor. Disturbing the peace, carrying a concealed weapon, forged credit card, concealing stolen property. Another burglary, second degree it appears, in Tacoma, Washington which was a misdemeanor. Another burglary, first degree felony conviction in '96 in Stockton, California. Possession of burglary tools, petty theft, drug paraphernalia, possession of controlled substances, possession of drug paraphernalia. His criminal history is

4

significant. He is a third felony offender. In that respect the Court feels that he is not a likely candidate for probationary treatment. As a matter of fact, I don't believe he can be placed on probation as a third felony offender. The Court feels there is an undue risk that he would commit another crime while on probation and that he is in need of correctional treatment in a custodial environment. Any lesser sentence would deprecate the seriousness of his offense.

Defendant has failed to show that his prior felony convictions in the State of California are irrelevant to the trial court in making its decision. Further, the alleged error or misinterpretation in Defendant's PSI was not raised at the time of sentence, and thus, is not properly before this court, having been raised for the first time on appeal.

Defendant received the maximum prison sentences. However, given the mitigating and aggravating factors, the sentences were appropriate for a repeat offender in light of the severity of the crimes. Furthermore, Defendant received a significant benefit from his plea agreement, which resulted in the dismissal of two additional charges. Defendant has not set forth any mitigating factors not considered by the trial court which warrant his sentences to be vacated.

Therefore, we affirm the sentences imposed on Defendant in connection with his convictions.

**AFFIRMED.**