DO NOT PUBLISH

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**07-971**

**STATE OF LOUISIANA**

**VERSUS**

**J.L.C.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-0399
HONORABLE JAMES P. DOHERTY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**

\*\*\*\*\*\*\*\*\*\*

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P.O. Box 2775**
**Monroe, LA 71207**
**Counsel for Defendant-Appellant:**
       **J.L.C.**

**Earl B. Taylor**
**District Attorney-27th Judicial District Court**
**Jennifer M. Ardoin**
**Assistant District Attorney-27th Judicial District Court**
**P.O. Box 1968**
**Opelousas, LA 70571**
**Counsel for Appellee:**
       **State of Louisiana**

PAINTER, Judge.

Defendant, J.L.C., appeals the sentence imposed in connection with his plea of guilty to aggravated incest. For the following reasons, the sentence is affirmed.

FACTS AND PROCEDURAL HISTORY

Defendant had sexual intercourse with his fourteen-year-old stepdaughter. As a result, the victim conceived and gave birth to a child. Defendant was charged by bill of information with aggravated incest, a violation of La.R.S. 14:78.1. Defendant entered a plea of guilty to the charge. Defendant was sentenced to serve twenty years at hard labor. A motion to reconsider Defendant's sentence was filed on May 2, 2007. Following a hearing, the motion was denied. Defendant appeals the sentence imposed as excessive.

DISCUSSION

*Errors Patent*

As required by La.Code Crim.P. art. 920, this court reviews all criminal appeals for errors patent on the face of the record.

La.R.S. 14:78.1(E)(1) provides that: "In addition to any sentence imposed under Subsection D, the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay the victim's reasonable costs of counseling that result from the offense."

The record before us does not indicate that the trial court made any findings as to Defendant's ability to pay the reasonable cost of counseling. Because Defendant has received an illegally lenient sentence, we remand the case to the trial court to determine whether Defendant is able to pay the victim's reasonable costs of counseling that result from the offense. If the trial court finds that Defendant has the

1

ability to pay and that there are sums owed, Defendant's sentence is to be amended

to comply with La.R.S. 14:78.1(E). The trial court is ordered to note any amendments

to the sentence in the court's minutes.

*Excessive Sentence*

In his sole assignment of error, Defendant argues that the sentence imposed

constitutes an excessive sentence under the facts and circumstances of this case and

considering his personal history. This court has set forth the following standard to

be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43,

*writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

To decide whether a sentence shocks the sense of justice or makes no

meaningful contribution to acceptable penal goals, this court has held that:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense

committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (alteration in original).

In Defendant's motion to reconsider his sentence and at the hearing on the motion, he requested that the trial court reconsider his sentence because he showed remorse by voluntarily pleading guilty to save the victim the anguish of having to testify in court. In his brief to this court, Defendant maintains that despite his pleading guilty and taking responsibility for his action, he was not given the benefit of any mitigation.

Defendant also complains that the trial court concentrated principally on the nature of the offense, and that in assessing the mitigating and aggravating circumstances, the trial court stated that Defendant's action manifested deliberate cruelty. Defendant asserts, however, that the legislature did not envision that actions like his would be considered deliberate cruelty, which he contends was considered an aggravating factor in the instant case. Defendant did not set forth this allegation in his motion to reconsider, thus, pursuant to La.Code Crim.P. art. 881.1, Defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Accordingly, Defendant's allegation regarding the trial court's remark that his action manifested deliberate cruelty is not properly before this court and will not be considered herein. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

3

At sentencing, the trial court considered the testimony of the victim's mother and the victim impact statements made by the victim's mother, grandmother, and aunt. Next, the trial court stated the factors considered in fashioning Defendant's sentence as follows:

> Mr. [C] you've committed a despicable act. You have robbed a young girl of her innocence and have prematurely and against her wishes thrown her into the situation of motherhood. There is no way any amount of time or money can repair the reprehensible harm you have done to this child or to her family. To say that you did not have your senses about you and that the victim became infatuated with you is a cavalier dismissal or a subconscious rejection of the real problem that you, and I repeat, you and not the victim has.

> You may have multiple excuses as to why these tragic events took place but there is no reason to justify your actions.

> Based upon the facts of this case and your prior conviction of involuntary manslaughter of a three month old child, you should not have any unsupervised contact with a minor. Protection of the public and particularly the most vulnerable members of the public is a goal the Court has in mind in sentencing you. Rehabilitation seems a remote possibility in this matter and deterrence is best served by the sentence the Court is going to impose which will necessarily place you outside the area of contact with any minors.

> In considering the guidelines of the Code of Criminal Procedure Article 894.1, the Court finds that there is an undue risk that if given a probated or a suspended sentence you may commit another crime. The Court is of the opinion that a lesser sentence than incarceration would deprecate the seriousness of the offense, and considering the information set forth in the presentence investigation and the anguish of the family involved, leads the Court to a conclusion that correctional institution treatment is warranted. The Court has also found the following provisions of the Code of Criminal Procedure Article 894.1(B) are applicable. Number one, your conduct during the commission of the offense manifested a deliberate cruelty to the victim. Number two, you knew or you should have known that the victim was particularly vulnerable and incapable of resistant due to her age and disability. Number three, you used your position as a step-father of this victim to facilitate the commission of this crime, and four, the offense has resulted in significant permanent injury and significant economic loss to the victim and her family.

4

Although you are classified as a second felony offender and are eligible for probation and a suspended sentence, this Court does not believe such a sentence would meet the guidelines of the Code of Criminal Procedure Article 894.1(A). The Court, in fashioning its sentence, has also taken into account one, that although defendant has pled guilty to one count of aggravated incest, according to the victim there were at least three separate instances where the defendant had intercourse with the victim beginning in South Dakota when she was fourteen years of age and then continuing on at least two different occasions in Louisiana. Number two, the victim has had to undergo psychiatric treatment in a facility for the harm that you have caused. Number three, the age and the mental and physical condition of the victim and her child are taken into consideration so that the child that was conceived and born as a result of the felonious behavior will be able to deal with this problem when she becomes of age as an adult.

Considering the trial court's thorough consideration of the mitigating and aggravating circumstances, we find that the trial court did not abuse its discretion in imposing the maximum sentence for this offense.

Additionally, "As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169. In a similar case, *State v. Shirley*, 41,608 (La.App. 2 Cir. 12/13/06), 945 So.2d 267, the defendant was convicted of aggravated incest and received the maximum sentence of twenty years. On appeal, the court found that the trial court did not abuse its broad discretion in sentencing defendant to the maximum sentence considering the scope and nature of the sexual conduct, the long-lasting and detrimental effects on his fourteen-year-old victim, and the defendant's personal and criminal history.

The facts in the instant case show Defendant as the worst type of offender. Defendant had sexual intercourse with his fourteen-year-old stepdaughter numerous times, which ultimately resulted in a pregnancy. Also, as a result of Defendant's actions, the victim required psychiatric treatment. Lastly, Defendant was charged

with two counts of aggravated incest which was reduced to one count at the time he plead guilty. Accordingly, the maximum sentence of twenty years is appropriate. Defendant's sentence is affirmed.

## CONCLUSION

For the foregoing reasons, Defendant's sentence is affirmed. This matter is remanded to the trial court so that it may comply with the provisions of La.R.S. 14:78(E). Any amendment to the sentence must be noted in the minutes of the trial court.

SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.