**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30643
Summary Calendar
_____

DOLAN FRANKLIN,

                                        Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2637-C
--------------------

Before Jones, Benavides, and Clement, Circuit Judges.

PER CURIAM:[*]

Dolan Franklin, Louisiana prisoner # 93892, convicted of second-degree murder and sentenced to life imprisonment, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability (COA) for the issue whether Franklin's attorneys were "ineffective for failing to properly develop and present evidence regarding petitioner's competency to proceed to trial and his sanity at the time of the offense."

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Franklin argues that his trial attorneys were ineffective for failing to present to the trial court in support of his motion for the appointment of a sanity commission evidence of (1) a one-day hospitalization in a San Francisco psychiatric unit 17 months before his killing of the victim and (2) a suicide attempt while in prison following his arrest for that offense. Franklin contends that, had his attorneys provided such information to the trial court, the trial court would have appointed a sanity commission.

The State argues that Franklin did not exhaust this issue because he raised it only in his state postconviction pleading filed in the state appellate court but not in his petition filed in the Louisiana Supreme Court. Given that the substance of Franklin's appeal is without merit, we need not determine whether review of the ineffective assistance claim is barred based upon a failure to exhaust. We nevertheless note that a review of Franklin's state postconviction petitions reveals that he exhausted the claim. See Bledsue v. Johnson, 188 F.3d 250, 255 (5th Cir. 1999).

In light of the testimony of Franklin and his attorneys at the district court's evidentiary hearing and the reports not submitted to the trial court, Franklin has not shown that his attorneys were ineffective in not presenting the reports to the trial court or that he was prejudiced by the reports not being submitted. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. Martin, 769 So. 2d 1168. 1169 (La. 2000).

AFFIRMED.