769 So.2d 1168 (2000)
STATE of Louisiana
v.
Hulen MARTIN.
No. 2000-K-0489.
Supreme Court of Louisiana.
September 22, 2000.
*1169 PER CURIAM.
Granted. The decision of the court of appeal is vacated to the extent that it remands this case to the district court for the appointment of a sanity commission and the retrospective determination, if possible, of the defendant's competency to stand trial in 1993.
Due process requires that states adopt adequate anticipatory measures to minimize the risk that an incompetent person may be tried and convicted. Medina v. California, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Nevertheless, Louisiana presumes that a defendant is sane and competent to proceed. La.R.S. 15:432; State v. Charles, 450 So.2d 1287, 1289 (La.1984). The appointment of a sanity commission is therefore not a matter of right but is committed to the sound discretion of the trial judge. State v. Wilkerson, 403 So.2d 652, 658 (La.1981). La.C.Cr.P. art. 643 provides that "[t]he court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed." Reasonable grounds in this context refers to "`information which, objectively considered, should reasonably ... raise[] a doubt about defendant's competency and alert[] [the court] to the possibility that the defendant [can] neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense."' State v. Snyder, 98-1078, p. 24 (La.1999), 750 So.2d 832, 851 (quoting Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir.1980)). A trial judge may consider information from both lay and expert witnesses in making this determination. See, e.g., State v. Franks, 391 So.2d 1133, 1135 (La.1980) ("Neither the testimony of his mother nor that of Dr. Ellington created a reasonable ground to doubt defendant's mental capacity to proceed."); State v. Berry, 391 So.2d 406, 411 (La.1980) ("Here the trial judge called a recess, had defendant examined by a psychiatrist, and allowed testimony from the doctor which was to the effect that there was no evidence of any mental disorder."); State v. Hicks, 286 So.2d 331, 333 (La. 1973) (When defense counsel presented no evidence on the motion for appointment of a sanity commission, and the psychiatrist asked by the court to examine the defendant reported that the defendant appeared competent to proceed, "[t]he only logical conclusion that can be drawn from this *1170 record is that the defense has failed to convince the court that there was a reasonable ground to doubt the defendant's mental capacity to proceed.").
In the present case, the defense motion for appointment of a sanity commission did not allege that the defendant had a history of mental disorders but stated broadly that the defendant did not appear capable of understanding the proceedings against him or of appreciating the evidence that the state had amassed against him and that he seemed "very nervous and has difficulty in relating information to counsel objectively." The district court considered the motion on the morning of trial and heard the testimony of the defendant as well as several other witnesses. The hearing was not transcribed for the record but the minutes indicate that the court found the defendant competent to proceed and began jury selection. There is a presumption of regularity in judicial proceedings, La.R.S. 15:432; State v. Davis, 559 So.2d 114 (La. 1990), and we presume from the available record that the court ruled on the motion before it, i.e., on the question of whether reasonable grounds existed to order a sanity commission, and did not conduct a unilateral sanity hearing without the benefit of a contradictory hearing on a commission's report as required by La.C.Cr.P. art. 647.
The ruling below is therefore set aside and this case is remanded to the court of appeal for consideration of the defendant's remaining assignments of error.