EDWARD A. DUFRESNE, JR., Chief Judge.
IgOn July 26, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Nicholas V. Tran-chant, with attempted aggravated rape upon an adult female in violation of LSA-R.S. 14:27 and LSA-R.S. 14:42, and aggravated burglary in violation of LSA-R.S. 14:60. At the July 27, 2006 arraignment, defendant pled not guilty.
On September 28, 2006, defendant filed a motion for mental examination, alleging a history of mental illness and seeking a mental evaluation to determine his sanity at the time of the commission of the offense. On October 4, 2006, the trial court granted defendant’s request for the ap *732 pointment of a sanity commission and set the matter for a competency hearing. Pursuant to the court’s order, Dr. Rafael Salcedo, a forensic psychologist, and Dr. Richard Richoux, a forensic psychiatrist, examined defendant, and on October 11, 2006, issued a written report wherein they concluded that defendant was competent to proceed to trial. With regard to defendant’s mental state at the time of the alleged offense, Dr. Salcedo and Dr. Ri-choux advised the court that they had insufficient data upon which to prender an opinion and requested additional information and documentation regarding defendant’s history and the alleged offense.
At the competency hearing on October 25, 2006, the parties stipulated that Dr. Salcedo and Dr. Richoux would testify in accordance with their October 11, 2006 report. Based on his review of the report, the trial judge found defendant competent to stand trial. Following this determination, defendant withdrew his plea of not guilty and entered a plea of not guilty and not guilty by reason of insanity.
On November 3, 2006, defendant filed a notice of insanity defense pursuant to LSA-C.Cr.P. art. 726. Thereafter, on November 6, 2006, newly retained counsel filed a motion for appointment of a sanity commission “to make an examination as to the defendant’s mental condition at the time of the offense and at the present time.” On November 9, 2006, the trial judge granted this motion.
On February 14, 2007, pursuant to court appointment and after reviewing additional information provided by defense counsel, Dr. Salcedo and Dr. Richoux issued a report regarding their follow-up examination of defendant. In this report, the doctors recommended to the court that defendant was legally sane at the time of the offense. However, on March 21, 2007, the court vacated its previous order which granted the sanity commission the authority to make a determination as to defendant’s competency at the time of the alleged offense.
On May 15, 2008, defendant withdrew his not guilty plea, and after being advised of his constitutional rights, pled guilty as charged. In accordance with the plea agreement, the trial judge sentenced defendant to twenty years imprisonment at hard labor on each count, to run concurrently, without benefit of parole, probation, or suspense of sentence.
|4On February 5, 2009, defendant filed a motion for post-conviction relief, motion to reconsider sentence, and motion to withdraw guilty plea. On February 18, 2009, the trial court denied the motions. In denying defendant’s motion to withdraw guilty plea, the trial court found that he was not entitled to the relief sought because his plea was not constitutionally infirm. On March 13, 2009, defendant filed a uniform application for post-conviction relief alleging that his guilty plea was involuntary because he lacked the capacity to understand the nature of the charges and the consequences of his guilty plea. The trial court, on April 1, 2009, denied defendant’s application on the grounds that his claim was procedurally barred pursuant to LSA-C.Cr.P. art. 930.4. On April 21, 2009, defendant filed another application for post-conviction relief requesting an out-of-time appeal. On May 4, 2009, the district court granted defendant’s request for an out-of-time appeal. It is in this posture that the ease is presently before this Court.

VALIDITY OF GUILTY PLEA

In his first two assigned errors, defendant challenges the validity of his guilty plea. He contends that the plea was not freely and voluntarily given because the trial court improperly allowed him to *733 plead guilty without withdrawing his plea of not guilty by reason of insanity. In addition, defendant contends that the trial court failed to advise him of his right to pursue the defense of insanity before accepting his guilty plea. According to defendant, his plea is constitutionally deficient and should be vacated.
In response, the State contends that defendant’s plea was freely and voluntarily made and points out that the trial judge fully informed defendant of his constitutional rights and also made a determination that defendant was competent to enter into the plea agreement.
| ¡¡If a defendant pleads guilty, he normally waives all non-jurisdietional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate,[1] or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
We have reviewed the record in the instant case and find that there is no evidence to indicate that defendant’s guilty plea was constitutionally infirm in any way. On May 15, 2008, defendant informed the court that he wished to withdraw his former plea of not guilty and enter a plea of guilty as charged. The record indicates that prior to the actual hearing, defense counsel completed an acknowledgment and waiver of constitutional rights form with defendant. The form, which was signed by the trial judge, the defendant, and the defense counsel specifically informed defendant of his right to trial by jury, his right to confront his accusers, and his right to remain silent. In the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights prior to pleading guilty.
In addition to the execution of this form, the trial judge personally addressed defendant in open court. The trial judge advised defendant of the nature of the charges to which he was pleading and further advised him of his right to a jury | (¡trial, his right to confrontation, and his privilege against self-incrimination. During the colloquy, defendant indicated that he understood these rights and that by pleading guilty, he was waiving those rights.
Defendant was further advised, during the colloquy with the trial court and via the waiver of rights form, of the possible sentences that he could receive and of the actual sentences which would be imposed upon acceptance of his plea. Both in the colloquy and the waiver of rights form, defendant indicated that he understood the sentencing range and also understood that he would be sentenced to twenty years at hard labor on each count, to run concurrently. Defendant was also advised that the State had agreed not to file a multiple offender bill of information. He was further advised that he would be found to be *734 a sex offender as defined in LSA-R.S. 15:536, and that he would be required to comply with certain additional requirements and regulations applicable to sex offenders, which he acknowledged as receiving and understanding.
Defendant further indicated that he was satisfied with the representation of his attorney. He stated that he had not been forced, coerced, or threatened to enter his guilty plea.
Prior to accepting defendant’s guilty plea, the trial court requested that the State set forth the factual basis of the charges against defendant, which defendant admitted to committing. Finding defendant competent to enter into the proposed plea agreement, the trial court specifically determined (1) that defendant was aware of the nature of the crimes to which he pled guilty; (2) that defendant did, in fact, commit the crimes to which he pled guilty; and (8) that defendant understood the consequences of his pleas of guilty, and that he made a knowing, intelligent, free and voluntary act of pleading guilty. As such, the trial court accepted defendant’s guilty plea and sentenced him in accordance with the plea agreement.
|7Pespite defendant’s assertions to the contrary, we find that his plea was freely and voluntarily given. Both the transcript of the plea colloquy and the waiver of rights form show that defendant was advised of his constitutional rights, the nature of the crimes charged, and the consequences of his guilty plea. Throughout the proceedings, defendant indicated that he understood his rights and the consequences of his guilty plea. Accordingly, we cannot say that defendant’s guilty plea was constitutionally infirm in any way.
Defendant does not allege that the trial court failed to advise him of his constitutional rights, nor does he allege that he was coerced in any way to enter his plea. Rather, defendant alleges that his plea is constitutionally deficient because the trial court allowed him to plead guilty without withdrawing his plea of not guilty by reason of insanity and further failed to advise defendant of his right to pursue the insanity defense. However, defendant fails to cite any authority that would support a finding that his plea was constitutionally deficient on these grounds.
As part of his argument on appeal, defendant asserts that, despite evidence of mental illness and mental retardation, the trial judge made no attempt to determine whether defendant was able to understand the consequences of his guilty plea or to inform him that he may have been waiving his plea of not guilty by reason of insanity. Defendant also contends that the trial judge made no attempt to determine whether he was allowed to continue medication while incarcerated or to interrogate defendant regarding his education.
A defendant in a criminal case is presumed sane and responsible for his actions and the defendant has the burden of proving otherwise. The standard of proof is by a preponderance of the evidence and the defendant must show that it was more probable than not that he lacked mental capacity to enter the guilty plea. State v. Wry, 591 So.2d 774, 780-781 (La.App. 2 Cir.1991); State v. Dorsey, 447 So.2d 636, 637 (La.App. 1 Cir.1984). As noted by the trial court in its February 18, 2009 order denying defendant’s motion to withdraw guilty plea, defendant failed to provide any documentation to support his allegation that his mental disorders prevented him from entering a free and voluntary plea to the charged offenses. Moreover, defendant had the opportunity to inform the court if he was under the influence of medication or for any other reason failed *735 to understand the proceedings against him. We further note that both the attorney and the court observed defendant at the time of his guilty plea and found no reason to question defendant’s ability to follow the court proceedings. Lastly, we note that defendant had, in fact, been found competent to proceed to trial.
Based on the foregoing discussion, we find no merit to defendant’s arguments pertaining to the validity of his guilty plea.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his third assigned error, defendant contends that he failed to receive effective assistance of counsel. As noted by the State, defendant does not actually specify a deficient act on the part of trial counsel, nor does he specifically assert that he was prejudiced by his counsel’s deficient performance. Rather, defendant, in his appellate brief, contends that “[t]he court approved examination of Tranchant by Dr. Biswas should have been obtained and a hearing that was granted by the trial judge should have been held in order to determine Tranchant’s sanity at the time of the offense. Although such a hearing prior to trial is not guaranteed to a defendant, the court did grant the hearing which was never held.” Defendant does not assign blame for the aforementioned failures, does not include any argument regarding a deficient act on the part of trial counsel, and does not brief, in any manner, what prejudice he suffered as a result of trial counsel’s actions.
| ^According to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error which has not been briefed. Because defendant’s limited briefing of assignment of error three does not contain sufficient information to support an ineffective assistance of counsel claim, we consider this assignment of error abandoned.

ERROR PATENT DISCUSSION

We have also conducted a review of the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
Accordingly, for the reasons set forth herein, we affirm defendant’s convictions and sentences.

DEFENDANTS CONVICTIONS AND SENTENCES AFFIRMED.

. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Ursin, 98-435 (La.App. 5 Cir. 10/28/98), 720 So.2d 1248, 1249.