ROBERT A. CHAISSON, Judge.
lain this appeal, defendant, Carlos Romious, challenges the validity of his guilty pleas to two counts of battery of a police officer. He specifically asserts that the trial court erred in accepting his pleas without first determining if he was competent to proceed at the time he entered the pleas. For the reasons that follow, we find no merit to this argument and accordingly affirm defendant’s convictions and sentences.

PROCEDURAL HISTORY

On December 2, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of battery of a police officer while being detained in jail, in violation of LSA-R.S. 14:34.2. At the February 13, 2012 arraignment, defendant pled not guilty.
On March 11, 2013, defendant filed a motion to appoint a sanity commission and to order medical observation and tests. On June 19, 2013, after considering the [.■¡testimony of Dr. Rafael Salcedo, a forensic psychologist, and the report of the sanity commission, the trial court found defendant competent to proceed.
On June 21, 2013, defense counsel filed a motion for a mental examination requesting that defendant be evaluated to determine his sapity at the time of the offense. On the same date, defendant entered a plea of not guilty and not guilty by reason of insanity pursuant to LSA-R.S. 14:14 and LSA-C.Cr.P. art. 552(3). Thereafter, on September 25, 2013, the parties appeared in court for a competency hearing and a not guilty by reason of insanity hearing. At that time, the trial judge made clear that a competency hearing was previously held in June, at the conclusion of which defendant was found competent to proceed. With regard to defendant’s not guilty by reason of insanity plea, the trial court found that a hearing was not needed because the issue of sanity at the time of the offense was an issue for trial.[1]
On December 4, 2013, defendant withdrew his former pleas of not guilty, and after being advised of his rights, pled guilty as charged to two counts of battery of a police officer.[2] The trial court thereafter sentenced defendant, on each count, to one year imprisonment in the Depart *73 ment of Corrections without benefit of parole, probation, or suspension of sentence, to run consecutively. Defendant now appeals.[3]

\¿VALIDITY OF GUILTY PLEAS

In his sole assigned error, defendant contends that the trial court erred in accepting his guilty pleas without determining if he was competent to proceed at the time he pled guilty.
In the present case, a competency hearing was conducted on June 19, 2013. During the competency hearing, Dr. Rafael Salcedo, an expert in forensic psychology and one of the members of the sanity commission, testified that he and Dr. Richard Richoux, a forensic psychiatrist, examined defendant on April 24, 2013, to determine his mental condition and his ability to assist counsel and understand the proceedings. At the hearing, Dr. Salcedo testified that defendant is a fairly intelligent individual who practiced law in the past and developed a late onset of bipolar disorder. Further, when defendant is not properly medicated, he becomes “quite irrational in his behavior.” Defendant “has been medication-compliant in the jail setting” and was prescribed a mood stabilizer, Depa-kote, at a relatively significant dosage, which resulted in a “trend toward improvement in his symptoms.”
With regard to defendant’s future outlook, Dr. Salcedo testified: “... although he was still manifesting some signs of mania, that these were not so blatant and severe as to impair his ability to understand the proceedings, especially, given his background, and, also, we did not feel that they would necessarily impair his ability to assist counsel; the only exception to this being the possibility that he could deteriorate under the stress of trial.” Further, Dr. Salcedo opined that as long as defendant continued to take his medication, he was able to satisfy the Bennett |ficriteria,[4] at least as of April 24, 2013. Accordingly, Dr. Salcedo, in conjunction with Dr. Ri-choux, recommended that defendant be found competent to proceed.
On cross-examination, Dr. Salcedo testified that medication is the ultimate answer for treating bipolar disorder, and to his knowledge, defendant had taken his medication and had been compliant with the recommendations of the medical staff during his incarceration. He further stated that defendant is intelligent and is more likely to be medication-compliant than-someone who is not as intelligent or perceptive as he is. Defense counsel expressed concern for defendant’s potential to decline during the trial due to stress. The trial judge then clarified with Dr. Salcedo that as long as defendant is prop *74 erly medicated, he would be competent to proceed forward through trial. Dr. Salce-do explained that while there was a possibility of decompensating, there was not a probability; however, if decompensating had been probable, he would not have recommended that defendant be found competent. After considering the testimony of Dr. Salcedo and the report of the sanity commission, the trial court found defendant competent to proceed.
Defendant now argues that this competency hearing was not adequate in determining his competence on the date he pled guilty and contends that the trial court should have conducted a more in-depth examination as to his competency in light of the concerns expressed at the June competency hearing. Defendant asserts that there was no showing when he pled guilty on December 4, 2013, that he had not deteriorated under the stress of trial or that his medication had been properly monitored. Therefore, defendant contends that his guilty pleas were not freely and voluntarily made and requests that the matter be remanded to allow him to withdraw his guilty pleas.
| (¡Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin colloquy was inadequate,[5] or when a defendant is induced to enter the plea by plea bargain, or what is justifiably believed to be a plea bargain, and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
We have reviewed the record in the instant case and find that there is no evidence to indicate that defendant’s guilty pleas were constitutionally infirm in any way. On December 4, 2013, prior to accepting defendant’s guilty pleas, the trial judge personally addressed defendant and conducted a very thorough colloquy with him. After ascertaining from defendant that he wished to plead guilty, the trial court advised defendant that by entering guilty pleas, he was waiving certain rights, including his right to trial by jury, his right to confrontation, and his right to remain silent. Defendant indicated that he understood that he was waiving these rights by pleading guilty.
In addition, the trial court advised defendant of the possible sentencing range for battery of a police officer and of the actual sentences that would be imposed, including the conditions of probation. Once again, defendant indicated that he understood. After advising defendant of his rights as well as the consequences of his guilty pleas, the trial court specifically asked defendant if he was suffering from any type of physical or mental impairment that would affect his competency to enter a guilty plea. Defendant responded in the negative. The trial court then stated:
|7I want to be very clear with regard to this area of it, sir, because I know from prior testimony in this court from the competency hearings that we have, that you do suffer from bipolar disorder.
It appears to me you have been, while incarcerated, managed well on your medication. You appear, certainly, to be understanding all of the proceedings *75 here today. I just want to make sure that my impression is, in fact, true that you have been, while incarcerated, been taking your medication regularly?
To this question, defendant replied, “Yes, I have, Your Honor.” In response to further inquiry by the trial court, defendant indicated that he was satisfied with his attorney’s representation and that he had not been forced, threatened, or coerced into entering the guilty pleas. Defendant also told the court that his attorney explained the waiver of rights form to him and that he understood his rights as evidenced by his initials and signature on the form. In addition, defendant’s attorney, at the beginning of the colloquy, advised the court that he had explained the waiver of rights form to defendant. The trial court then accepted the pleas of guilty as having been knowingly, intelligently, freely, and voluntarily entered into by defendant.
Despite defendant’s assertions to the contrary, we find that his guilty pleas were freely and voluntarily given. Both the transcript of the plea colloquy and the waiver of rights form show that defendant was advised of his constitutional rights and the consequences of his guilty pleas. Throughout the proceedings, defendant indicated that he understood. Accordingly, we cannot say that defendant’s guilty pleas are constitutionally infirm in any way.
Defendant does not allege that the trial court failed to advise him of his constitutional rights, nor does he allege that he was forced or coerced to enter his pleas. Rather, defendant alleges that his guilty pleas were not freely and voluntarily given because the trial court failed to ascertain his competence prior to | ^accepting his guilty pleas. Defendant acknowledges that there was a previous competency hearing; however, he contends that the trial court, in light of the concerns expressed at the June 19th hearing, should have conducted a more in-depth examination as to his competency before accepting his guilty pleas.
Under Louisiana law, mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. LSA-C.Cr.P. art. 641; State v. Pollard, 12-346 (La.App. 5 Cir. 12/18/12), 106 So.3d 1194, 1199, writ denied, 13-140 (La.6/21/13), 118 So.3d 408. A defendant in a criminal case is presumed sane and responsible for his actions, and the defendant has the burden of proving otherwise. The standard of proof is by a preponderance of the evidence, and the defendant must show that it was more probable than not that he lacked mental capacity to enter the guilty plea. State v. Tranchant, 10-459 (La.App. 5 Cir. 11/23/10), 54 So.3d 730, 734, writ denied, 10-2821 (La.4/29/11), 62 So.3d 108.
In the present case, there was a competency hearing on June 19, 2013, at the conclusion of which defendant was found competent to proceed. Thereafter, at the guilty plea proceedings, defendant, who was represented by counsel, did not request that the issue of competency be revisited. The trial judge who accepted defendant’s guilty pleas also presided at the competency hearing and was well aware of defendant’s bipolar disorder and the necessity of him being medication-compliant. At the guilty plea proceedings, the trial court specifically asked defendant if he was suffering from any type of physical or mental impairment that would affect his competency to enter a guilty plea. Defendant replied in the negative. Defendant also advised the trial court that he had been regularly taking his medication. Moreover, defendant consistently indicated to the trial court that he understood the nature of the proceedings, his rights, and the consequences of his [ 9guilty pleas. We *76 further note that both the defense counsel and the court observed defendant at the time of his guilty pleas and found no reason to question defendant’s ability to follow the court proceedings. Given these circumstances, we find that the trial court did not err in accepting defendant’s guilty pleas as freely and voluntarily given. See State v. Tranchant, 54 So.3d at 735 (where this Court found that the defendant’s guilty plea was freely and voluntarily entered, noting that the defendant failed to provide any documentation to support his allegation that his mental disorders prevented him from entering a free and voluntary guilty plea).
Based on the foregoing, we find no merit to the arguments presented by defendant in this assigned error.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). Our review reveals no errors patent in this case.
Accordingly, for the reasons set forth herein, we affirm defendant’s convictions and sentences.

AFFIRMED

. In discussing defendant’s not guilty by reason of insanity plea, the trial court mentioned a report prepared by Dr. Rafael Salcedo and Dr. Richard Richoux dated September 18, 2013. However, the substance of that report is not known as it was not introduced into evidence.

. Defendant tendered his guilty pleas pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. On December 4, 2013, defendant also pled guilty to three misdemeanor offenses in district court case number 13-1511. Defendant referenced this misdemeanor case in his notice of appeal and also in his appellate brief. Since these charges are not triable by a jury, defendant does not have a right to appellate review; rather, the proper procedure for seeking review of a misdemeanor conviction is by application to the court of appeal for a writ of review. LSA-C.Cr.P. art. 912.1(C)(1). On February 13, 2014, the district court granted defendant’s appeal in district court case number 11-5898; however, in case number 13-1511, the district court signed an order advising defendant that his right of judicial review was by application to the court of appeal for a writ of review, as the charges were not triable by a jury. The district court thereafter construed defendant’s pleading as a notice of intent to take writs and set a return date of March 28, 2014. There is no indication that defendant ever filed a writ application with this Court seeking review of his misdemeanor convictions. Accordingly, this appeal is limited to the issues relating to district court case number 11-5898.

. See State v. Bennett, 345 So.2d 1129 (La.1977).

. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant has been advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Domino, 10-661 (La.App. 5 Cir. 1/25/11), 60 So.3d 659, 663.