WICKER, J. I defendant, Ralph L. Willie, appeals his conviction and' sentence pursuant tó a guilty plea for intentional possession of pornography involving juveniles, where the victim is under the age of 13 in violation of La. R.S. 14:81(E)(5)(a). On appeal, defendant contends his plea .should be vacated, arguing the trial court erred in accepting his guilty plea without conducting a hearing to address his pending motion for mental examination. Upon consideration, we conditionally affirm defendant’s conviction and remand this matter to the trial court for a determination of whether, at the time defendant pled guilty, reasonable grounds existed to doubt defendant’s mental capacity to proceed and, if so, for further action consistent with that finding. Statement of the Case On October 17, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of intentional possession of pornography involving júvenilés where the victim is under 13 years of age in violation of La. R.S. 14:81.1(5)(a) [sic].[1] Defendant was arraigned on , December 11, 2013, and pled not guilty. On July 25, 2014, pursuant to a plea agreement, defendant withdrew his plea of not guilty and pled guilty to one count of possession of child pornography in violation of La. R.S. 14:81.1(E)(5)(a). Pursuant to the plea agreement, the trial judge sentenced defendant to the statutory minimum sentence of ten years imprisonment, at hard labor, to be served without benefit of probation, parole, or suspension of sentence. The trial judge notified defendant that, upon release, he is required to register as a sex offender under La. R.S. 15:543. | ¿Defendant failed to timely appeal, but on July 1, 2016, he filed an application for post-conviction relief (“APCR”)—in part challenging the validity of his guilty plea based on his alleged mental incapacity at the time of his plea. On December 2, 2016, the trial court denied defendant’s APCR. Defendant filed a supervisory writ to this court on December 12, 2016. On April 4, 2017, this Court granted the writ and remanded the matter to the trial court, instructing the court to consider defendant’s APCR as a motion for an' out-of-time appeal, pursuant to La. C.Cr.P, art. 930.8. The district court granted defendant’s out-of-time appeal on April 10, 2017. Factual and Procedural Background On September. 4, 2012, the Louisiana Attorney Géneral’s high-technology crime unit contacted defendant over a peer-to-peer network during a child pornography investigation. On January 22, 2013, pursuant to a warrant, investigators' previewed two desktop computers belonging to defendant and identified one video and four images of children between the ages of 9 and 12 years old posed in a sexual manner or engaged in sexual activities. Defendant was arrested and notified of his Miranda[2] rights. In a post-Miranda interview, defendant told police he “like[dj” child pornography, and admitted to searching and possessing child pornography. On December 11, 2013, defendant, represented by private counsel, appeared for his arraignment and pled not guilty. On January 16, 2014, defendant failed to appear for a scheduled hearing. On January .29, 2014, defendant’s privately retained counsel filed an “Initial Discovery Motion” which made several requests, including a “Motion for the |aCourt to Order a Mental Examination of Ralph Wille,”[3] seeking court ■ appointment of an expert to determine Mr. Willie’s ability to aid in his defense, to understand the issues involved, and his capacity to understand that he was possibly viewing. underage children. In support of this motion, defense counsel .argued that defendant displayed clear mental problems of. concentration and sometimes gave answers.to counsel which did not address the question asked, indicating that defendant did' not comprehend what' often was a simple question. Defense counsel also asserted that defendant- had previously been declared mentally disabled' by a social security judge. Defendant produced no documentation supporting his claim for mental incompetency and did not seek a contradictory hearing. > ■ In thé “Initial Discovery Motion” defense counsel also Sought to withdraw as counsel of record, citing defendant’s noncooperation, failure to provide requested documents, and refusal to answer his phone, further complicated by defendant’s son’s lack of cooperation. There is no evidence in the record that the trial court addressed defense’s “Motion for the Court to Order Mental Examination of Ralph Wille.” After defendant’s failure to appear at a January. 1.6, 2014, hearing the trial court issued an attachment for his arrest. Thereafter, on .January 31, 2014, the trial court granted defense counsel’s motion to withdraw as counsel of record. The attachment was ultimately satisfied on May 23, 2014 by defendant’s arrest[4]. On June 12, 2014, the trial court appointed Jacque Touzet of the Jefferson Parish Public Defenders Office to represent defendant. Defendant’s newly appointed counsel did not request a hearing on defendant’s previously filed motion for mental examination, nor does 14the record reflect that defense counsel withdrew the pending motion prior to the defendant’s plea. The record is silent on this issue. On July -29, 2014, defendant withdrew his not guilty plea and pled guilty without proceeding to trial. In accordance with the plea agreement, defendant was sentenced to ten years imprisonment at hard labor without the benefit of parole, probation or suspension of sentence, but with credit for the time defendant had served on his contempt sentence. The State also agreed not to file a habitual offender bill of information pursuant to La. R.S. 15:529.1 against defendant. At sentencing the same day, the trial court informed defendant of the sex offender registration requirements under Lá. R.S. 15:543, including the requirement that he register as a sex offender for 25 years from the date of his release from prison. During the guilty plea and sentencing proceedings, in response to both the court’s and defense counsel’s questions, defendant displayed signs of confusion. After appointed counsel asked whether defendant wanted to continue being represented by him and enter a guilty plea, the following exchange took place: The Defendant: I’m kind of—I can’t think straight. Mr. Touzet: Okay. The Defendant: I guess, yes. I don’t—I don’t know. Mr. Touzet I asked you earlier and you told me you wanted to go forward with me. Has that changed is my question. The Defendant: No, it hasn’t changed. Defense counsel thereafter informed the court that he had explained the plea to defendant, and “believe[d] he understands enough about his case at the time to go | ^forward.” Thereafter, during the Boykin[5] colloquy, the trial court did not inquire about defendant’s potential mental deficiency that day, nor did either counsel or the court inquire about defendant’s pending mental examination motion where previous defense counsel alleged defendant exhibited problems of concentration and comprehension as well as a prior social security disability determination. During sentencing, when questioned about the sex offender. notification requirements, defendant displayed further confusion over the sex offender registration form. When asked by the court whether he understood the document, defendant asked his counsel: The Defendant: Is that the one that we reviewed? Yes. The Court: And, you understand it? The Defendant: Most of it, yes. The trial court accepted the plea as a “knowing, intelligent, free, and voluntary.” Discussion In his sole assignment of error, defendant challenges the validity of his guilty plea and argues the trial court erred in accepting his plea before ruling on his pending motion for mental examination. Defendant argues the trial court’s failure to rule on his motion for mental examination violates his right to a trial while ,competent. Defendant urges this Court to vacate his guilty plea, contending that he was entitled to a mental evaluation before entering his plea. In response, the State argues defendant waived his motion for mental examination by entering a guilty plea. The State further argues the plea transcript shows defendant was aware of the plea and the rights he waived. | (¡Every criminal defendant has a due process right not to be tried while incompetent, or, put another way, to be tried only when competent to assist counsel and understand the nature of the proceedings against him. Medina v. California, 505 U.S. 437, 449, 112 S.Ct. 2572, 2579, 120 L.Ed.2d 353, 365 (1992); Drope v. Missouri, 420 U.S. 162, 171-72, 95 S.Ct. 896, 904, 43 L.Ed.2d 103, 113 (1975) (citing Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 788-89, 4 L.Ed.2d 824, 825 (1960)); Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842; 15 L.Ed.2d 815, 822 (1966); State v. Anderson, 06-2987 (La. 9/9/08), 996 So.2d 973, 992, cert denied, 556 U.S. 1165, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (citing State v. Bennett, 345 So.2d 1129, 1138 (La. 1977)); State v. Cummings, 10-891 (La. App. 5 Cir. 10/25/11), 79 So.3d 386, 395, writ denied, 11-2607 (La. 4/9/12), 85 So.3d 693. The defendant’s mental capacity to proceed may be raised at any time by the defense, the district attorney, or the court. La. C.Cr.P art. 642; State v. Pugh, 02-171 (La. App. 5 Cir. 10/16/02), 831 So.2d 341, 349. Competency is the defendant’s capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. Drope, 420 U.S. at 171-72, 95 S.Ct. 896 (citing Dusky, 362 U.S. at 402, 80 S.Ct. 788); Anderson, 996 So.2d at 992-93 (citing Bennett, 345 So.2d at 1138). A person whose mental condition is such that he lacks capacity is incompetent, and has a due process right not to be subjected to further criminal proceedings until such time as he is found to be competent. Drope, 420 U.S. at 172, 95 S.Ct. 896 (citing Pate, 383 U.S. at 385, 86 S.Ct. 836); Anderson, 996 So.2d at 991; State v. Snyder, 98-1078 (La. 4/14/99), 750 So.2d 832, 849 (citing Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); State v. Nomey, 92-1631 (La. 1/19/93), 613 So.2d 157, 160). | ^Louisiana's statutory scheme for determining whether a defendant is mentally competent to stand trial jealously guards the defendant’s right to a fair trial. La. C.Cr.P. art. 641; Anderson, 996 So.2d at 992 (citing Nomey, 613 So.2d at 161). When the court has a reasonable ground to doubt the defendant’s capacity to proceed, it shall appoint counsel to represent the defendant if he does not already have counsel and shall order a mental examination of the defendant. Within seven days after a mental examination is ordered, the court shall appoint a sanity commission to examine and report upon the mental condi-, tion of the defendant. La. C.Cr.P. art. 642, 643, 644. 'While-it is abundantly clear that once the trial court grants a motion for appointment of sanity commission, no further steps may be taken in the case until the court has determined that defendant is competent to proceed, the trial court need not appoint a sanity commission unless the court has reason to doubt defendant’s capacity to proceed. Anderson, 996 So.2d at 992 (citing State v. Martin, 00-0489 (La. 9/22/00), 769 So.2d 1168, 1169; State v. Nix, 327 So.2d 301, 323 (La. 1975), reh’g denied, 327 So.2d 301 (La. 1975); Nomey, 613 So.2d at 161; State v. Williams, 02-1016 (La. App. 5 Cir. 2/25/03), 841 So.2d 936, 942, writ denied, 03-2205 (La. 8/20/04), 882 So.2d 571). Appointment of a sanity commission is not a perfunctory matter, a ministerial duty of the trial court, or a matter of right. Anderson, 996 So.2d at 992 (citing Martin, 769 So.2d at 1169; Nix, 327 So.2d at 323; Williams, 841 So.2d at 942). It is not guaranteed to every, defendant in every case, rather it is a matter committed to the sound discretion of the trial court. State v. Pollard, 12-346 (La. App. 5 Cir. 12/18/12), 106 So.3d 1194, 1199, writ denied, 13-0140 (La. 6/21/13), 118 So.3d 408. The trial court’s denial of a motion for appointment of a sanity commission will be reversed only for abuse of discretion. Id. | sIn Louisiana, the law presumes a defendant is sane and competent to proceed. La. R.S. 15:432; Anderson, 996 So.2d at 992; Williams, 841 So.2d at 942; see also State v. Bridgewater, 00-1529 (La. 1/15/02), 823 So.2d 877, 892 (citing State v. Bickham, 404 So.2d 929, 934 (La. 1981)). Therefore, at any competency hearing the defendant bears the burden of proving his incompetence to stand trial. Cooper v. Oklahoma, 517 U.S. 348, 355, 116 S.Ct. 1373, 1377, 134 L.Ed.2d 498, 507 (1996) (citing Medina, supra at 449, 112 S.Ct. 2572, 1279); Anderson, 996 So.2d at 992 (citing State v. Frank, 96-1136 (La. 10/4/96), 679 So.2d 1365, 1366; Williams, 841 So.2d at 942). However, where a bona fide doubt exists as to a defendant’s competence, the trial court must resort to a constitutionally adequate procedure to test the defendant’s competence to stand trial. Drope, 420 U.S. at 172-73, 95 S.Ct. 896; Pate, 383 U.S. at 385, 86 S.Ct. 836; see also Anderson, 996 So.2d at 992; Williams, 841 So.2d at 942. As discussed above, the Louisiana Code of Criminal Procedure addresses- this issue, providing that a court shall order a mental examination of a defendant and accordingly appoint a sanity commission when. it “has reasonable grounds to doubt the defendant’s mental capacity to proceed.” La. C.Cr.P art. 643; Anderson, 996 So.2d at 992 (citing Martin, 769 So.2d at 1169; Nix, 327 So.2d at 323; Williams, 841 So.2d at 942). Reasonable ground in this context refers to information which, objectively considered, should reasonably raise a doubt about the defendant’s competency and alert the court to the possibility that the defendant can neither understand the proceedings, appreciate the proceedings’ significance, nor rationally aid his attorney in his defense. Drope, 420 U.S. at 171-72, 95 S.Ct. 896 (citing Dusky, 362 U.S. at 402, 80 S.Ct. 788); Anderson, 996 So.2d at 992-93 (citing Bennett, 345 So.2d at 1138). ^Furthermore, when a defendant’s capacity to proceed comes into question, it is incumbent upon the court to address the issue, whether or not the issue has been raised by either the defendant or the state. La. C.Cr.P. arts. 643, 647; Snyder, 750 So.2d at 850-51 (citing Griffin v. Lockhart, 935 F.2d 926 (8th Cir. 1991)). The trial court in this case faced such a scenario at the time defendant entered into his guilty plea. The defense neither sought a hearing on its original motion nor- withdrew the motion prior to the guilty plea. Further, neither the State nor the defendant raised defendant’s mental capacity -to px’oceed as an issue prior to the guilty plea. However, during the plea proceeding itself the defendant displayed confusion. . There are no “fixed or immutable signs which invariably indicate” the need for the court to inquire to determine the defendant’s fitness to proceed. Drope, 420 U.S. at 181, 95 S.Ct. 896. Nevertheless, where such signs exist, the trial court is required to inquire as to whether there exists reason to doubt defendant’s capacity. Id. at 179-80, 95 S.Ct. 896, 904. Neither the United States Supreme Court nor the Louisiana Legislature or Supreme Court has set forth a standard procedure for a trial court to follow in making a preliminary determination whether it has “reasonable ground, to doubt the defendant’s capacity to proceed.” Drope, 420 U.S. at 172-73, 95 S.Ct. 896; Pate, 383 U.S. at 385, 86 S.Ct. 836; see also Anderson, 996 So.2d at 992 (finding that Louisiana courts may consider both lay and expert testimony to determine whether a sanity commission should be appointed) (citing Martin, 769 So.2d at 1169; State v. Silman, 95-0154 (La. 11/27/95), 663 So.2d 27, 32). The Louisiana Supreme Court, in State v. Snyder, supra, at 852, has suggested that the trial court, in making a preliminary inquiry, could interview the defendant on the record or ask defense counsel to elaborate on the concerns of the defendant’s mental capacity. hnIf the court makes a preliminary inquiry, it need not necessarily order a sanity commission. In State v. Anderson, supra, at 992, the preliminary inquiry to determine whether “reasonable grounds exist for doubting the defendant’s capacity to proceed” arose in two contexts. First, in that case, the trial court, following a defense application for appointment of a sanity commission which made only general reference to a “mental disease or defect,” conducted a preliminary inquiry addressing whether there was reasonable ground to doubt the defendant’s capacity to proceed, necessitating the appointment of a sanity commission. Id. at 993. During that preliminary inquiry the court heard testimony from a lay witness, defendant’s sister, and received hospital .records. Id, Finding that there was reason to doubt defendant’s capacity to proceed, following the preliminary inquiry the court ordered a sanity commission. Id. Thereafter, following the sanity hearing, the trial court found defendant competent to proceed to trial. Id, The .defense never re-urged defendant’s competency to stand trial. Id. However, several years later, before defendant’s murder trial, defendant was examined by a psychologist in connection with the defense position that defendant suffered from adult onset retardation as a result of a 1994 injury which should have precluded him from - being sentenced to death. Id. at 985-86. The court received the psychologist’s report shortly before trial commenced and nine days into jury selection during which the defendant was present in court. Id. at 994. In his report the psychologist opined that the defendant was “experiencing moderate to severe emotional distress characterized by fearfulness, hopelessnéss, and .dysphoria... and may be, in fact, losing his mind.” Id. at 991. On' appeal, the defendant argued that the psychologist’s report'should have put the trial court on notice that the defendant had an apparent sense of “losing his mind,” or, in other words, that there was “reasonable ground to doubt the defendant’s capacity to proceed” and therefore, the defense argued, the court should have re-openéd defendant’s sanity Incommission, sua sponte. Id. at 993-94. The Louisiana Supreme Court disagreed, finding that by the time the trial court received the psychologist’s report, the trial judge had the opportunity for nine days to observe and assess, firsthand,' defendant’s demeanor under the stress of''trial, and apparently detected no mental difficulties to warrant intervention. Id. Defendant’s conviction and' death sentence were affirmed, Id. In State v. Martin, supra, at 1170, the Louisiana Supreme Court presumed from the available record that the trial court had ruled that no reasonable grounds existed to order a sanity commission in a case in which on the morning of the trial, the trial court entertained the defense application for appointment of a sanity commission which did not allege that the defendant had a history of mental disorders. Rather, the motion stated broadly that the defendant did not appear capable, of understanding the proceedings against him or of appreciating the evidence that the State had amassed against him and that he seemed “very nervous and has difficulty in relating information to counsel objectively.” Addressing the defense application, the court heard testimony from the defendant and several other witnesses, found the defendant competent to proceed, and began jury selection without specifically finding that no “reasonable grounds existed to order a sanity commission...” Id. at 1170; see also State v. Hicks, 286 So.2d 331, 333-34 (La. 1973)(where the defense, at the hearing of its motion for appointment of a sanity commission presented only oral argument, the supreme court, in affirming the conviction, presumed that the trial court had found there was no evidence that a reasonable ground existed to doubt the defendant’s capacity to proceed). In State v. Wilkerson, 403 So.2d 652, 658 (La. 1981), the Louisiana Supreme Court affirmed defendant’s aggravated kidnapping conviction in a case in which the defendant argued that the trial court erred in denying his motion for sanity | ^commission. Defense counsel had filed a sanity commission motion and withdrew defendant’s not guilty plea, pleading not guilty and not guilty by reason of insanity, arguing that defendant was extremely confused and depressed, had no clear recollection of the crime with which he was charged, had suffered four severe blows to the head within the last two years, and the defendant had previously been sent to a mental hospital. Id. The trial judge denied the motion based solely upon his observance of the defendant and a reading of the motion, stating that he could change his mind, but that he saw no reason at that time to appoint a sanity commission. Id. The defense objected to the ruling but made no effort to introduce evidence in support of the motion and did not request a hearing. Id. The Louisiana Supreme Court, stating that the accused bears the burden of establishing by a preponderance of the evidence reasonable grounds for the judge to believe that-he is mentally defective or was at the time of the offense, found that the defendant did not meet his burden of proof and did not attempt to do so by any means other than unsubstantiated allegations in his motion. Id. In State v. Romious, 14-565 (La. App. 5 Cir. 12/16/14), 167 So.3d 71, 72, this Court affirmed the defendant’s conviction in a case in which, months before the defendant pled guilty, a sanity commission was ordered and the defendant was found to be competent. The defendant argued on appeal that it was incumbent upon the court to discern at the plea that defendant was competent at that point. Id. at 74. This Court found that the trial court’s exchange with the defendant at the time he pled guilty was sufficient to address defendant’s competency at the time he plead guilty. Id. at 74-75. Before accepting the defendant’s guilty plea, the court inquired on his mental state: I want to be very clear with regard to this area of it, sir, because I know from prior testimony in this court from the competency hearings that we have, that you do suffer from bipolar disorder. I islt appears to me you have been, while incarcerated, managed well on your medication. You appear, certainly, to be understanding all of the proceedings here today. I just want to make sure that my impression is, in fact, true that you have been, while incarcerated, been taking your medication regularly? To this question, defendant replied, ‘Tes, I have, Your Honor.” Id. at 74-75. In each of the cases discussed above, unlike the case before us, the trial court actually addressed the question of whether there existed a reason to doubt defendant’s capacity to proceed and only then proceeded to trial or a plea. In this case, no such preliminary inquiry occurred. Where the evidence raises a bona fide doubt as to the defendant’s competence to stand trial, the judge on his or her own motion, must address the issue. Pate, 383 U.S. at 385, 86 S.Ct. 836. Even when a defendant does not explicitly state that competence to stand trial is at issue, the trial judge must consider the question of competency where the evidence presented raises a doubt as to defendant’s competency. Snyder, 750 So.2d at 850 (citing Pate, 383 U.S. at 384 n.6, 86 S.Ct. 836). In this case, the defense sought no hearing on its motion for mental health examination. However, months later, while being Boykinized by the court during his guilty plea and sentencing hearing, on two separate instances, defendant’s answers to the court’s questions raised sufficient concern, in the face of the original mental health motion, to require the trial court to make a preliminary inquiry of whether a bona fide doubt existed of defendant’s competence to proceed. Here, the State argues that Mr. Willie waived his motion for mental examination when he pled guilty. However, a defendant who may be incompetent cannot knowingly and intelligently “waive” his right to have the court determine his capacity to stand trial. Pate, 383 U.S. at 384, 86 S.Ct. 836 (finding “it is contradictory to | Uargue that a defendant may be incompetent, and yet knowing or intelligently ‘waive’ his right to have the court determine his capacity to stand trial.”) (citing Taylor v. United States, 282 F.2d 16, 23 (C.A. 8th Cir. 1960)); Snyder, 750 So.2d at 850. In this case, where the record reflects that defendant, at plea and sentencing, displayed confusion concerning the proceedings against him and the trial court failed to make a preliminary determination as to defendant’s capacity to proceed, we find defendant could not waive his motion for mental examination. As the question of a defendants’ capacity to proceed may arise at any time in the proceedings, and arose during his guilty plea, the offender could not at that point waive his motion for mental examination. Pate, 383 U.S at 383-84, 86 S.Ct. 836. In State v. Franks, 391 So.2d 1133, 1134 (La. 1980), the Louisiana Supreme Court approved of the trial court’s procedure in a case in which doubt as to the defendant’s capacity to proceed arose after the Louisiana Supreme Court had remanded the case to the district court for resentencing. After remand, the defendant filed a motion to appoint a sanity commission and the trial court conducted an inquiry before sentencing the defendant during which evidence was presented from defendant’s mother regarding his learning ' issues, his ‘ post-incarceration medication, and his prior psychiatric evaluation while incarcerated in Mississippi. Id. The court also heard testimony from a physician who opined that he had observed no signs of mental retardation and had no opinion concerning defendant’s present ability to understand. Id. At the conclusion of the hearing, the trial court denied the motion, finding that no evidence was presented which raised a reasonable doubt that defendant was unable to understand the .proceedings, and proceeded to sentence defendant Franks. Id. |1fiWhether a defendant’s due process rights may be adequately protected by remanding the case for retroactive inquiry aimed at discerning whether there was a bona fide doubt of the offender’s competency to stand trial when he was originally tried may be addressed on a case-by-case basis. See Drope, 420 U.S. at 180, 95 S.Ct. 896; see also Anderson, 996 So.2d at 992. However, even in the most favorable circumstances, there are inherent difficulties in such nunc pro tunc determinations. See Drope, 420 U.S. at 183, 95 S.Ct. 896 (finding a nunc pro tunc determination would not be adequate almost six years post-trial); Pate, 383 U.S. at 387, 86 S.Ct. 836 (a hearing held six years after trial would.exacerbate the difficulty of testifying from memory and the trial record). In State v. Nomey, 92-1631 (La. 1/19/93), 613 So.2d 157, 162, the Louisiana Supreme Court reversed the Second Circuit’s decision remanding a case to the district court for a retroactive determination of the defendant’s competency at the time he plead guilty. However, in State v. Snyder, supra, at 854-55, the Louisiana Supreme Court conditionally affirmed the defendant’s conviction but remanded the question to the district court, making it clear that a retrospective competency hearing is not foreclosed, if meaningful inquiry into defendants competency (or as to whether there was reason to doubt defendant’s competency) can still be had. (citing Reynolds v. Norris, 86 F.3d 796 (8th Cir. 1996); Watts v. Singletary, 87 F.3d 1282 (11th Cir. 1996); United States v. Renfroe, 825 F.2d 763 (3rd Cir. 1987); Zapata v. Estelle, 588 F.2d 1017 (5th Cir. 1979)). Furthermore, the ■ Snyder Court opined that the trial court is in the best position to determine whether it can make a retrospective determination of defendant’s competency (or whether there was reason to doubt defendant’s competency at the time of the trial or plea.) Id. at 855. •In the Snyder case, a psychiatrist and psychologist testified at a- pretrial sanity hearing that, while the defendant was able to assist in his own defense as hflwell as understand the • proceedings against him, the defendant had difficulty focusing on certain issues and became mildly circumstantial and tangential. Id. at 851. The experts, recommended a medication change to alleviate the symptoms which were making it difficult for him to communicate. M Defendant’s medication was changed and defense counsel moved for a five week continuance so that the defendant could benefit from the full effect of the new medication to allow his mental state to improve to the point where he could fully assist counsel. Id. The trial court, finding defendant competent to stand trial, denied the continuance. Id. at 854. Thereafter, at, a subsequent hearing prior to trial, the examining psychologist reported .that the medication had not had sufficient time to stabilize the defendant, but that once the medication had sufficient time to activate, the defendant’s cognitive processes would become sharper and more focused. Id. at 849. Defense counsel also recounted to the court the difficulty she was experiencing communicating with her client. Id. The trial court again denied the motion for continuance. Id. -The Louisiana Supreme Court found that the defendant’s allegations that he was unable to communicate with his attorney raised serious constitutional issues, Id. at 849-50. Finding that the district court had failed to make further inquiry into the defendant’s claims that he needed to be stabilized on his new medication in order to effectively communicate with his counsel and assist in his defense, and that such claims, combined with objective medical evidence, raised sufficient doubt, as to the defendant’s competence, the Supreme Court remanded the matter to the district court for a determination as to whether a retroactive sanity commission was possible. Id. at 855-56, In the Swyder case, the Supreme Court opined; It is not that we believe defendant was in fact unable to assist his attorney or that he .was otherwise incompetent. Rather, it is the trial court’s absolute failure to investigate these claims, which were substantiated by objective 117medical evidence, that causes us to determine he abused his discretion in failing to investigate defense claims of incompetence. [[Image here]] Had the record in this case contained some affirmative evidence that the trial judge conducted any investigation into defense allegations that defendant could not assist his counsel, our result may have been different. Id, at 852[6]. As to the efficacy of a retroactive hearing to address a defendant’s capacity to proceed at trial or plea the court found: A “meaningful” determination is possible “where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant’s condition at the time of the original state proceedings.” Additionally, “when determining whether a meaningful hearing may be held, we look to the existence of contemporaneous medical evidence, the recollections of non-experts who had the opportunity to interact with the defendant during the relevant period, statements by the defendant in the trial transcript, and the existence of medical records. The passage of time is not an insurmountable obstacle if sufficient contemporaneous information is available.” The court in Miller v. Dugger, 838 F.2d 1530 (11th Cir. 1988) noted that it had never given the district courts a list of factors that must be met in order to determine that a nunc pro tunc determination of competency is possible, but stated that relevant factors include time, availability of witnesses and the existence of evidence on the state record about the defendant’s mental state at the time. Id. at 855 (citations omitted). In Snyder, the Louisiana Supreme Court opined that,, because of the sparse testimony before the trial court,--it envisioned the taking of additional 'testimony and evidence. Id. at 855. While we are concerned about potentially invalidating a plea agreement favorable to the defendant, in this case there were sufficient facts available to the trial court at the time of the plea hearing to put the court on notice of the possibility that there was reason to doubt defendant’s capacity to proceed. Defendant’s | ^responses at his guilty plea and sentencing raises a question regarding his mental capacity at that time—he twice displayed confusion, first regarding counsel’s representation of him and then as to the consequences of his guilty plea. See Martin, 769 So.2d at 1169; Anderson, 996 So.2d at 992-93. While the trial court is not compelled to order a full sanity commission, it is required to determine whether a reasonable basis existed at the time defendant pled guilty and was sentenced to question defendant’s competency. Anderson, 996 So.2d at 992. Having found the trial court should have inquired as to defendant’s mental competency to proceed, we remand this matter to the trial court for a nunc pro tunc hearing to determine whether at the time defendant pled guilty and was sentenced, there were reasonable grounds to doubt his mental capacity and for further actions consistent with this court’s findings. At the hearing, the defendant may put forth documentary, expert, or lay witnesses to support his claim of mental incompetency. See Anderson, 996 So.2d at 992-93. On remand, the trial court must first determine whether an adequate inquiry can be made retroactively to determine whether a bona fide doubt as to defendant’s competence existed at the time he pled guilty. If the answer to that question is yes, then the trial court must make that preliminary inquiry. If the answer is no, then defendant’s guilty plea and sentence must be vacated and the court must inquire whether there exists a reasonable doubt as to defendant’s current competency and proceed accordingly. If, after such inquiry, the answer is that at the time he pled guilty and was sentenced, there was no bona fide doubt as to defendant’s competence to plead guilty, his conviction is affirmed. If, however, on preliminary inquiry the trial court finds that at the time defendant pled guilty a bona fide doubt did exist as to his competence to stand 113trial, the trial court is faced with a second difficult inquiry and decision: is a sanity commission able in this case to retroactively determine whether Mr. Willie was actually competent to stand trial at the time he pled guilty. If the answer to that question is yes, then the trial court must appoint a sanity commission to retroactively opine on Mr. Willie’s competency on July 29, 2014, when he pled guilty. If the answer is no, then Mr. Willie’s guilty plea must be vacated, and the trial court must then address the question whether there is currently a reason to doubt defendant’s capacity to proceed, then to take further action consistent with its finding. If the trial court determines that a sanity commission would be able to retroactively opine as to defendant’s capacity to proceed and, an appointment is necessary in this case, then the trial court must make that appointment and proceed accordingly. If, after a sanity hearing, the trial court finds defendant was competent at the time of his plea, then defendant’s conviction is affirmed. If the defendant is found to have been incompetent when he pled guilty his conviction and sentence are vacated. Errors Patent This court routinely reviews criminal appellate records for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether a defendant makes a request for errors patent review. The record reflects the following errors patent: Fine Defendant pled guilty to violating La. R.S. 14:81.1 (E)(5)(a). Section (E)(5)(a) falls under paragraph (l)(a) of the subsection governing child | ¡^pornography crimes. La. R.S. 14:81.1(E)(l)(a) provides the statutory penalty for violating the statute: Whoever intentionally possesses pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.1 (E)(1)(a) The trial judge in this case did not impose a fine in defendant’s sentence. Both this Circuit and the Fourth Circuit have interpreted the statutory language “not more than” a specified amount to require a mandatory fine. State v. Kerlec, 06-838 (La. App. 5 Cir. 4/11/07), 957 So.2d 810, 815, writ denied, 07-1119 (La. 12/7/07), 969 So.2d 626; State v. Dominick, 13-0270 (La. App. 4 Cir. 1/30/14), 133 So.3d 250, 252. This Court has found the failure to impose a fine under a statute with mandatory language to be error. La. C.Cr.P. art. 882 gives appellate courts the authority to correct an illegally lenient sentence. La. C.Cr.P. art. 882. The authority to amend a sentence is permissive, not mandatory. State v. Pollard, 12-346 (La. App. 5 Cir. 12/18/12), 106 So.3d 1194, 1203, writ denied, 13-0140 (La. 6/21/13), 118 So.3d 408 (citing State v. Gorman, 11-491 (La. App. 5 Cir. 2/14/12), 88 So.3d 590, 600). This court has declined to use its permissive authority to amend an illegally lenient sentence when the defendant is indigent. Id. at 1203. Here, defendant is indigent. His first attorney requested to withdraw, in part, because of defendant’s inability to pay his legal fees. Defendant’s second counsel was a public defender, and defendant is represented in this appeal by the Louisiana Appellate Project. Under these circumstances, we decline to exercise our authority to amend defendant’s illegally lenient sentence. See Pollard, 106 So.3d at 1203; State v. Kinard, 12-446 (La. App. 5 Cir. 11/27/2012), 105 So.3d 974, 980, writ denied, 12-2745 (La. 10/25/13), 124 So.3d 1090; Kerlec, 957 So.2d at 815. Rearraignment Defendant was arraigned on December 11, 2013. On December 19, 2013, defendant’s Bill of Information was amended to reflect that defendant’s last name is also spelled “Wille.” The record shows the original bill was changed with a handwritten notation reading: “AKA: Ralph L. Wille.” The notation was signed and dated. There were no substantive changes made to the Bill of Information. The record does not reflect the defendant was rearraigned on the amended bill of information. The purpose of an arraignment is to inform the defendant of the substance of the crime he is charged with. La. C.Cr.P art. 551. A rearraignment is only required after amendment of a bill of information if the substance of the charge is changed. State v. Aulph, 47, 966 (La. App. 2. Cir. 5/22/13), 114 So.3d 610, 617; see also State v. Tillery, 14-429 (La. App. 5 Cir. 12/16/14), 167 So.3d 15, 23-24, writ denied, 15-0106 (La. 11/6/15), 180 So.3d 306 (finding that a defendant is not entitled to rearraignment on an amended indictment when changes to the indictment do not alter the nature of the crime). In this case, the amendment of the bill of information did not alter the substance of the charge against the defendant. Therefore, no corrective action is necessary. Statutory Citation The bill of information and the amended bill of information contain clerical errors as to the statutory citation of the offense. In both the bill of information and the amended bill of information, the State alleged defendant “on or between September 4, 2012 and January 22nd... violated La. R.S. 14:81.1 (5)(a) in that he dkbcom-mit pornography involving juveniles by intentional possession of | ^pornography involving juveniles where the victim is under the age of 13 years and the offender is 17 years or older.” The Louisiana Revised Statutes do not contain a citation for La. R.S. 14:81.1(5)(a). It does not exist. It appears the language cited in the bill of information tracks the language of La. R.S. 14:81.1(E)(5)(a). The purpose of a bill of information is to fully advise the accused of the reason for his arrest or detention. La. Const. Art. 1 § 13; State v. Varnado, 01-367 (La. App. 5 Cir. 9/13/01), 798 So.2d 191, 194. A typographical error in the bill of information is not prejudicial to the defendant so long as the error does not mislead the defendant as to what the. defendant is being charged with.' Id. A clerical error in the bill of information does not prejudice the defendant in a manner that affects his plea. Accordingly, the error is harmless. The bill of information contains the proper description of the crime and alerts the defendant of the charge against him. Conclusion Accordingly, for the reasons fully discussed here, we conditionally affirm defendant’s conviction and sentence, and remand the matter to the trial court to determine whether reasonable grounds to doubt defendant’s mental capacity exist and for further proceedings consistent with its finding. CONDITIONALLY AFFIRMED; REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION . The statutory citation La. R.S, 14:81.-l(5)(a) does not exist. The language from the bill of-information tracks language from La. R.S. 14:81.1(E)(5)(a), As discussed below, a clerical error does not require reversal of defendant's conviction, because the bill of information sufficiently informed the defendant of the nature of the accusation brought against him. . Miranda v. Arizona, 384 U.S, 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). . Defendant is also referred to as "Ralph Wille” throughout the record. . On June 20, 2014, following defendant’s arrest on the court's previously ordered attachment, the court by its own motion held a contempt hearing to address defendant's failure to appear in court on January 29, 2014, At that hearing defendant stipulated he was in contempt of court for failure to appear at the January, 2014 hearing, The court found defendant to be in contempt of court and, sentenced him to serve six months in the Jefferson Parish Correctional Center without good time credit. Defendant's initial bond of $15,000 was forfeited, and the court reset the bond to $50,000. . Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). . In State v. Gowan, a one-page per cu-riam on post-conviction relief, the Louisiana Supreme Court held that a defendant who applied for an appointment of a sanity commission implicitly waived his right to a determination on his competency since "there was no threshold determination by the trial judge that a sanity commission should be appointed.” 96-0488 (La. 3/29/96), 670 So.2d 1222, 1222. However, this opinion, seems to be abrogated by State v. Snyder, 750 So.2d at 850-51. The decision in Gowan, does not address the trial court's independent duty to investigate in a situation in which a question arises whether a bona fide doubt exists of the defendant’s competence to proceed. See Drope, 420 U.S. at 172, 95 S.Ct. 896; Pate, 383 U.S. at 385, 86 S.Ct. 836; Anderson, 996 So.2d at 992; Snyder, 750 So.2d at 850-51; Nomey, 613 So.2d at 159-160; State v. Aylor, 416 So.2d 927, 928 (La. 1982).