STATE OF LOUISIANA

VERSUS

NICHOLAS PULLEN

NO. 19-KA-4

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 65,15, DIVISION "C"
HONORABLE KATHERINE TESS STROMBERG, JUDGE PRESIDING

August 07, 2019

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**REMANDED WITH INSTRUCTIONS**
    **FHW**
    **JGG**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Ricky L. Babin
    Lindsey D. Manda

COUNSEL FOR DEFENDANT/APPELLANT,
NICHOLAS PULLEN
    Martin E. Regan, Jr.
    Stavros Panagoulopoulos

**WICKER, J.**

Defendant, Nicholas Pullen, appeals the 23rd Judicial District Court's decision denying his application for post-conviction relief seeking to withdraw his guilty plea. Defendant assigns error arguing that the district court abused its discretion when it denied his application for post-conviction relief on the basis that (1) specific performance of his plea agreement is statutorily barred, and (2) his guilty plea was constitutionally infirm because it did not meet the requirements set forth in La. R.S. 15:543(A).

However, upon review of the record for errors patent, we find that the district court never rendered a judgment as to defendant's competency to proceed and his sentence was for an illegal term. Therefore, we remand this matter to the district court for a hearing to discern whether a meaningful retroactive determination of defendant's capacity to proceed at the time he entered his plea is possible. If the trial court is able to discern that defendant was competent at the time he originally entered into his guilty plea, we further order the district court to vacate defendant's original sentence, as that sentence violated the statutory term effective on the date on which defendant committed the offense charged, and to resentence defendant to a sentence which conforms to the statutory sentence term in effect in 2011. If the district court is unable to discern that defendant was competent at the time he entered his original guilty plea, then we order the district court to vacate defendant's original guilty plea and sentence, to order a sanity commission to examine and report upon defendant's mental condition, to thereafter conduct a contradictory hearing and rule upon the issue of defendant's current mental capacity to proceed, finally, to take appropriate action thereafter to address defendant's pending case.

STATEMENT OF THE CASE

Defendant appeals the district court's denial of his application for post-conviction relief. On February 24, 2012, the State filed a bill of information in the 23rd Judicial District Court charging defendant with four counts: (1) La. R.S. 14:78, incest; (2) La. R.S. 14:42.1, forcible rape; (3) La. R.S. 14:81.2, molestation of a juvenile; and (4) La. R.S. 14:43.3, oral sexual battery. On February 27, 2012, with his attorney present, defendant was arraigned and entered a plea of not guilty to the four charges filed against him.

On November 26, 2012, defendant, represented by his attorney, Don Williams, filed a motion for a sanity commission stating that a hearing had been held at which "the court found that there was reasonable cause to believe that the defendant did not possess the mental capacity to proceed under the provisions of Article 643."[1] The court granted the motion and ordered a sanity commission to examine and report upon the mental condition of defendant; assigned two doctors, Jessie Lambert and Harminder Malik, to serve on the sanity commission and conduct the examination; and ordered that a hearing be held within twenty-one days at which the physicians were to report upon defendant's mental condition. On January 29, 2013, during the hearing in which the sanity commission was to report, defendant was present with his attorney, Don Williams, and the court continued the hearing until February 25, 2013. On February 25, 2013, defendant was present with attorney, Susan Jones, and the court continued the hearing upon the motion of the defense. Three more sanity commission hearings were set for March 25, 2013, April 22, 2013, and May 28, 2013. At all three hearings, defendant was present with attorney, Phyllis Southall, and the court continued the

---

[1] The record does not reflect at which hearing the Court made this finding or whether the question of defendant's incapacity was raised by the defense, the district attorney, or the court pursuant to La. C.Cr.P. art. 642.

hearing after a bench conference.[2] On June 25, 2013, defendant was present with attorneys, Susan Jones and Dale Petit; on motion of the defense, the court fixed the guilty plea cutoff for July 22, 2013 and set trial for October 29, 2013.[3] No judgment addressing defendant's competency nor minute entry referencing any such judgment is contained in the record, nor does the record contain any reports detailing findings by the assigned psychologists.

On July 22, 2013, Seth Dornier was substituted as counsel of record for defendant. On October 18, 2013, defendant filed a motion to enforce a plea agreement which he alleged was extended by the State on April 22, 2013 in open court and was accepted by his counsel, but later rescinded on May 28, 2013. The court continued the guilty plea cutoff dates throughout 2014 when Susan Jones again represented defendant. Subsequently, on September 23, 2014, the State amended the Bill of Information as to Count 1 to charge a violation of La. R.S. 14:89, crimes against nature, instead of La. R.S. 14:78, incest. Defendant pled guilty to the amended charge of crime against nature, La. R.S. 14:89, and agreed to a plea-bargained sentence of fifteen years. During the plea colloquy, the court informed defendant of his constitutional rights, asking him the questions outlined in the *Boykin* form.[4] The *Boykin* form was signed by defendant; his attorney, Trisha Ward; the assistant district attorney, Steven Tureau; and Judge Holdridge. The trial court sentenced defendant to be "committed to the Department of Corrections for a period of 15 years," suspended the entire term, and ordered defendant to serve a five-year term of supervised probation with conditions including two years incarceration in the parish jail with credit for time served.[5]

---

[2] The minute entries from these hearings mention that "A Sanity Commission hearing having being fixed for this day was taken up" without additional information regarding whether the parties introduced any evidence, called any witnesses, or made arguments to the court, nor whether the court rendered a judgment as to defendant's competency to proceed.

[3] The minute entry from this hearing does not mention a sanity commission hearing being held.

[4] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (Before accepting a defendant's guilty plea, the court must assure itself that the defendant has a full understanding of the constitutional rights waived.)

[5] Although the minute entry and transcript from the September 23, 2014 hearing do not state whether defendant was sentenced to incarceration with or without "hard labor," when a trial court states that the defendant is sentenced to

When defendant's attorney asked if defendant was required to register as a sex offender, the judge and assistant district attorney agreed on the record that defendant was not required to register. The State nolle prossed Counts two, three, and four. The trial judge ordered the plea agreement to become executory on January 26, 2015.

On November 20, 2014, the trial judge conducted a hearing in which the court amended defendant's sentence to comply with La. R.S. 15:543's sex offender registration and notification requirements. The court informed defendant that he was required to comply with all sex offender registration and notification requirements and sign a copy of the notification requirements. Judge Holdridge, defendant, and his attorney Trisha Ward all signed the notification requirements form.[6] At the November 20, 2014 hearing, the court ordered the sex offender registration and notification requirements to be executory on January 26, 2015, the same executory date previously ordered as to the original plea agreement.

On April 29, 2015, defendant was arrested pursuant to a warrant signed on April 13, 2015 for a probation violation. On May 14, 2015, the State filed a detainer notification, affidavit of probable cause, and motion for hearing to revoke probation alleging that defendant failed to refrain from criminal conduct and pay a supervision fee to defray the costs of probation supervision.[7] The court found probable cause and ordered defendant to appear at a revocation hearing on May 26, 2015. Defendant subsequently filed a motion to withdraw his original guilty plea. In his motion, defendant argued he is entitled to be resentenced to an amended sentence as the district court failed to conduct a new *Boykin* colloquy or execute a new *Boykin* form when notifying him of his requirement to register as a sex

---

the "Department of Corrections," the sentence is necessarily at hard labor. *State v. Jamison*, 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909 n.2.

[6] The notification form, in error, stated that defendant pled guilty to a violation of R.S. 14:78 Incest instead of R.S. 14:89 Crimes against nature. The form also fails to indicate the period over which defendant is required to maintain his sex offender registration.

[7] The basis for probation revocation was defendant's arrest for failure to register as a sex offender.

offender. The State objected to the motion, and filed an opposition claiming the district court's amendment to defendant's original plea was valid and properly notified him of his obligation to register as a sex offender. On May 26, 2016, during the motion hearing, defendant's attorney, Paul Barker, stated he would be amendable to the same terms of the plea agreement with the registration and notification requirements. The district court denied defendant's motion in a written ruling, finding defendant's plea was entered into freely and voluntarily and that defendant had received the required notice of registration requirements as required by La. R.S. 15:543.

Upon denial, defendant filed a writ application with this Court challenging the trial court's ruling. This Court granted the writ for the limited purpose of vacating the trial court's order denying the motion and remanding the matter to the trial court with instructions to construe defendant's motion to withdraw guilty plea as an application for post-conviction relief (APCR) requesting an out-of-time appeal. *See State v. Pullen*, 16-KH-564 (La. App. 5 Cir. 11/2/16).[8] On June 26, 2018, defendant filed a Motion to Grant Application for Post-Conviction Relief Requesting an Out-of-Time Appeal and for Designation of Record which was granted by the trial court on July 9, 2018.[9]

LAW & DISCUSSION

Defendant appeals the district court's judgment denying his application for post-conviction relief. Defendant asserts (1) the specific performance of the original plea bargain is constitutionally infirm; and (2) the original plea agreement did not meet the requirements set forth in La. R.S. 15:543(A). This Court finds it

---

[8] On October 24, 2017, defendant filed an Application for Post-Conviction Review (APCR) which the trial court denied on December 21, 2017. Defendant filled a notice of intent to seek supervisory writs on January 25, 2018 which the trial court denied as untimely. Defendant filed a writ application challenging the trial court's denial of his APCR, which this Court granted for the limited purpose of vacating the trial court's December 21, 2017 ruling and instructing the trial court to comply with this Court's previous order on November 2, 2016 in 16-KH-564.

[9] Although a defendant is not automatically entitled to an out-of-time appeal, because of the errors patent discussed *supra*, and the trial court's failure to advise defendant of the time limits to appeal his conviction, defendant's appeal will be considered.

unnecessary to respond to defendant's assertions of error as this Court, upon review, finds errors patent.[10] Upon review of the record, we find considerable error in the sanity commission procedures conducted by the district court. The issue has not been raised by either defendant or the State, however, this error requires this Court to remand this case to the district court for further hearings and for action consistent with that court's findings.

SANITY COMMISSION

On November 26, 2012, defendant filed a motion for a sanity commission based on the district court's finding of "reasonable cause to believe that the defendant did not possess the mental capacity to proceed." The court stayed all other matters until January 29 2013, ordered a sanity commission, and appointed two physicians to report on defendant's mental condition at a hearing to be set on January 29, 2013. The minute entries contained in the record report the court "took up" the sanity commission hearing and continued it five times, however, there is no transcript of a hearing, ruling in the record, or minute entry that indicates whether the trial court rendered a judgment as to defendant's competency to stand trial.

A criminal defendant has a constitutional right not to be tried while legally incompetent. *State v. Carmouche*, 01-0405 (La. 5/14/02), 872 So.2d 1020, 1041. A defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. La. C.Cr.P. art. 642. The trial judge is required to order a mental examination of the defendant only when he has a reasonable ground to doubt the defendant's mental capacity to proceed. La.

---

[10] Under Louisiana Code of Criminal Procedure, Art. 920, "the following matters and no others shall be considered on appeal: (1) an error designated in the assignment of error; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." For the purpose of an errors patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, and the judgment or sentence. *State v. Weiland*, 556 So.2d 175, 178 (La. App. 5th Cir. 1990).

C.Cr.P. art. 643; *State v. Pugh*, 02-171 (La. App. 5 Cir. 10/16/02), 831 So.2d 341, 349. Article 642 of the Louisiana Code of Criminal Procedure states, "when the question of the defendant's mental incapacity to proceed is raised, there shall be *no further steps in the criminal prosecution*, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." (emphasis added).[11] The court shall determine whether a defendant has the mental capacity to proceed in a contradictory hearing. La. C.Cr.P. art. 647. When a bona fide question is raised regarding a defendant's capacity, the failure to observe the procedures to protect a defendant's right not to be convicted while incompetent to stand trial deprives a defendant of his due process rights to a fair trial. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *State ex rel. Seals v. State*, 00-2738 (La. 10/25/02), 831 So.2d 828, 833.

The consequence of the failure to resolve the issue of a defendant's capacity is either nullification of the conviction and sentence or a nunc pro tunc hearing to determine competency retrospectively.[12] *State ex rel. Seals v. State*, 831 So.2d at 833. Such decision is made on a case by case basis. *See State v. Willie*, 235 So.3d 1339, 1349 (La. App. 5th Cir. 2017) (*citing Drope v. Missouri*, 420 U.S. 162, 180 (1975); *State v. Anderson*, 996 So.2d 973, 992 (2008)). A nunc pro tunc hearing evaluates whether there was a bona fide doubt of the offender's competency to stand trial when he was originally tried. *Id*.; *see also State v. Snyder*, 98-1078 (La. 4/14/99), 750 So.2d 832, 855.

In order to determine if the defendant's due process rights are adequately protected, a "meaningful" nunc pro tunc hearing must be ensured. *See Reynolds v.*

---

[11] Revision comment (b) to La. C.Cr.P. provides insight in that the intention of this provision is for all proceedings in the case to be stayed until the issue of the defendant's mental capacity is determined. *See also State v. Nomey*, 613 So.2d 157, 159 (La. 1993).

[12] "Nunc pro tunc" is defined as "having retroactive legal effect through a court's inherent power." *Black's Law Dictionary* 1237 (10th ed. 2014). The purpose of an order nunc pro tunc is to correct or amend a record where it fails to record an occurrence so that it "speak[s] the truth concerning the acts done." 56 Am. Jur. 2d *Motions, Rules, and Orders* § 62 (2019)

*Norris*, 86 F.3d 796, 802 (8th Cir. 1996). The trial court is vested with the discretion to make the decision of whether a meaningful inquiry into competency may still be had. *Seals v. State*, 831 So.2d at 833, *citing State v. Snyder*, 98-1078 (La. 4/14/99), 750 So.2d 832, 855. A meaningful determination is possible "where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant's condition at the time of the original state proceedings." *Id*. The State bears the burden of providing sufficient evidence for the court to make a rational decision in a nunc pro tunc hearing. *Seals*, 831 So.2d at 834.

Unless the record in this case is incomplete and the trial judge actually conducted a hearing which addressed defendant's competency to proceed and rendered a judgment, this Court is left with two options: either vacate defendant's guilty plea and sentence or remand this matter to the district court to address the completeness of the record, and if complete, then to conduct a nunc pro tunc hearing if a meaningful determination on defendant's competency at the time he entered his plea can be proven. *See State ex rel. Seals*, 831 So.2d at 834.

In *State v. Nomey*, the Louisiana Supreme Court nullified a defendant's guilty plea where the court accepted his guilty plea without holding a hearing to address the findings of the sanity commission. *Nomey*, 613 So.2d at 157, 159-160 (La. 1993). Despite the reports of the sanity commission providing evidence to show that the defendant would have likely been found competent, the Supreme Court held the court of appeal erred in remanding the case for a retroactive sanity hearing. *Id*. at 162.[13] The Court in *Nomey* found that the defendant was deprived of the protective procedures of the sanity commission hearing prior to the entry of

---

[13] The defendant in *Nomey* pled guilty on May 25, 1988, one day after the mental examination by the doctors appointed to the sanity commission. While the doctors both found the defendant competent to proceed, their reports were not filed with the trial court until June 7, 1988. The Louisiana Supreme Court found no evidence in the record to support the trial court's statement that it was aware of the reports of the sanity commission declaring petitioner had the mental capacity to proceed when the Court allowed petitioner to withdraw his former pleas and enter his plea of guilty. *Nomey*, 613 So.2d at 159, FN 7.

his guilty pleas, and the question of whether there was sufficient evidence to show that the defendant was competent to proceed at the time of his plea "misse[d] that point" that he was deprived of his due process rights. *Id*. at 161. The Court opined that under certain limited circumstances a retroactive determination of sanity may be permissible if a meaningful inquiry into the defendant's competence can still be had. *Nomey*, 613 So.2d at 161, FN8.

In contrast, in *State v. Snyder*, the Louisiana Supreme Court found that the proper remedy for failing to investigate a defendant's claims of incompetency would be a nunc pro tunc hearing if the trial court determines that meaningful inquiry into a defendant's competency is still possible. *State v. Snyder*, 98-1078 (La. 4/14/99), 750 So.2d 832, 854.[14] In *Snyder*, the Louisiana Supreme Court was persuaded by the reasoning of the federal courts of appeals in allowing nunc pro tunc hearings if the trial court determines that retrospective determination is possible, based on factors, determined to be relevant by the Eleventh Circuit, such as the passage of time, the availability of witnesses, and the existence of evidence on the record about the defendant's mental state at the time. *Id*. at 855. (*citing Miller v. Dugger*, 838 F.2d 1530, 1544 (11th Cir. 1988)). While there is no list of determinative factors, the passage of time will not be decisive if there is available "contemporaneous medical evidence, the recollections of non-experts who had the opportunity to interact with the defendant during the relevant period, statements by the defendant in the trial transcript, and the existence of medical records." *Snyder*, 750 So.2d at 855, *citing Reynolds v. Norris*, 86 F.3d 796, 803 (8th Cir. 1996). In *Snyder*, the court remanded the case back to the district court to determine whether a retroactive sanity commission was possible, and if so, to hold an evidentiary nunc pro tunc hearing to determine the defendant's competency prior to his trial. *Id*.

---

[14] The Supreme Court found that it fell within a noted exception to *Nomey*'s preclusion of a nunc pro tunc competency hearing because the trial judge ignored a bona fide doubt as to defendant's competence to stand trial. *State v. Snyder*, 98-1078 (La. 4/14/99), 750 So. 2d 832, 854–55

The Louisiana Supreme Court encouraged the court to take additional evidence, including the records and testimony of the examining physicians. *Id.*

In a case similar to the instant case, this Court vacated a defendant's conviction when it was unclear from the minute entry whether the trial court had made a determination regarding the defendant's competency to stand trial. *State v. Robinson*, 09-371 (La. App. 5 Cir. 3/23/10) 39 So.3d 692, 698. In the *Robinson* case, the defense requested, and the trial court ordered, a mental examination and a sanity commission. The minute entry and transcripts contain discussions of the doctors finding the defendant competent, but the trial judge stated that he was waiting on the report to make his determination. The defense counsel later withdrew his motion for a sanity hearing. This Court held that the facts of that case did not allow for a retroactive competency hearing, relying on the due process arguments of *Nomey*. *Id*. at 704.[15] Upon the state's writ application, the Louisiana Supreme Court reversed this Court's judgment and remanded for a determination of whether a nunc pro tunc finding of competency remained possible in light of the *Snyder* case. *State v. Robinson*, 10-924 (La. 12/17/10) 50 So.3d 156.

In a more recent case, this Court addressed the issues of what inquiries and actions a trial court should address on remand when a sanity hearing was not held prior to a guilty plea. *State v. Willie*, 17-252 (La. App. 5 Cir. 12/20/17) 235 So.3d 1339. In that case, a defendant's prior counsel filed a motion for mental examination. After the first counsel withdrew from representation, the newly appointed counsel did not request a hearing on the outstanding motion before allowing his client to plead guilty. *Id.* at 1343-44. This Court opined inherent difficulties exist in nunc pro tunc determinations, but the trial court is in the best

---

[15] This Court's *Robinson* opinion set forth a detailed history of Louisiana cases in which the appellate record was inadequate to discern that the trial court had properly conducted a hearing on the outstanding issue of a defendant's mental capacity and whether courts nullified the conviction or held that remand was appropriate for a nunc pro tunc hearing.

position to determine whether it can make a retrospective determination. *Id.* at 1349-50. In that instance, on remand, the trial court must inquire into whether a sanity commission would be able to retroactively determine whether a defendant was actually competent to stand trial at the time he pled guilty.[16] *Willie*, 235 So.3d at 1352. If the trial court finds that a sanity commission would not be able to retroactively determine whether defendant was competent at the time he pled guilty, then the trial court must vacate the original conviction and sentence and take further action depending upon defendant's current capacity to proceed. *Id.* If a determination is possible, however, then the trial court must appoint a sanity commission to "retroactively opine" on defendant's competency to proceed on the date he was originally convicted and sentenced. If the court finds defendant competent at the time of his original plea, then the conviction and sentence may be affirmed. On the other hand, if the trial court finds that the defendant lacked the capacity to proceed at the time he originally pled guilty and was sentenced, then the trial court must vacate the conviction and sentence. *Willie*, 235 So.3d at 1352.

In the present case, while the record reflects no actual judgment on the merits as to defendant's competency to proceed during the six hearings, a nunc pro tunc hearing may go beyond the record to receive additional available and relevant evidence. *Snyder*, 750 So.2d at 855. In this case, sufficient evidence may exist for the court to conduct a meaningful retrospective competency hearing, including testimony from defendant's six different attorneys, who presumably interacted with him, and two different prosecutors present at the hearings during which these matters were originally to be taken up. The evaluations from the two doctors originally appointed to evaluate defendant and other medical records from the

---

[16] In the *Willie* case, there was no preliminary inquiry as to whether a bona fide doubt existed of the defendant's competence to proceed, which required, on remand, an initial determination as to whether an adequate inquiry could be made retroactively to determine whether doubt existed at the time he pled guilty. If on the other hand, the trial court finds the initial inquiry shows no doubt as to defendant's competence, his conviction would be affirmed. If doubt exists, the trial court must proceed to the second inquiry, discussed above. *Willie*, 235 So.3d at 1349, 1352.

relevant time period may still be available.  As this error was not raised on appeal, neither party has had the opportunity to argue the issue of availability of evidence or witnesses to assist in a retrospective determination.  Since it may be possible for the trial court to retroactively address and rule upon defendant's capacity to proceed at the time he pled guilty and was sentenced, we remand this matter to determine if a meaningful inquiry could be held regarding defendant's competency at the time he pled guilty and was sentenced.  If the trial court finds that a meaningful retrospective competency hearing is possible, we order the hearing to be conducted and the issue to be determined.

### Illegal Sentence

Between October 18, 2011 and January 1, 2012, the time defendant committed the offense of crime against nature as alleged in the Bill of Information, the penalty provision for La. R.S. 14:89 was a fine of not more than $2000 or imprisonment, with or without hard labor, for not more than five years, or both. During the colloquy, however, the court erroneously informed defendant that he was:

> charged with a very serious crime, crime against nature.  The penalties for this offense are whoever violates the provisions of this section with a person under the age of 18 shall be fined not more than $50,000 and imprisoned at hard labor for not less than 15 years nor more than 50 years or both.

At the time defendant was sentenced in 2014, the penalty for La. R.S. 14:89(B)(2) Crimes Against Nature on a person under the age of eighteen allowed a sentence of imprisonment at hard labor for not less than fifteen nor more than fifty years.  A defendant, however, must be sentenced under the penalty provisions of the statute in effect at the time the offense was committed.  *State v. Hyde*, 07-1314 (La. 11/21/07), 968 So.2d 726.  Furthermore, the amended charge contained on the Bill of Information does not mention a victim under the age of 18 which, at the relevant time, would have had to be charged as a violation of La. R.S.

14:89.1(A)(5) Aggravated Crime Against Nature for a victim under the age of seventeen.[17] Therefore, defendant's original sentence of fifteen years imprisonment was illegal.

Under La. C.Cr.P. art. 882, an illegal sentence may be corrected at any time by the imposing court or on review by an appellate court. The record reflects that defendant had served two years in parish jail at the time of his sentence and has been in jail since April 29, 2015 for the probation violation. He may have already served the statutory maximum sentence. On remand, if defendant is retrospectively determined to be competent, we order the trial court to resentence defendant pursuant to the penalty provisions of La. R.S. 14:89 in 2011 and 2012.

*Conclusion*

Accordingly, for the reasons fully discussed herein, we remand the matter to the trial court to determine whether a meaningful retroactive inquiry can be made regarding defendant's competency to proceed at the time he pled guilty and was sentenced. If the trial court finds that a meaningful retrospective competency hearing is possible, we order the trial court to conduct the hearing and determine the issue of defendant's competency at the time of his plea and sentence before any further action on this case or appeal. Furthermore, if defendant is found to have been competent, while his plea and conviction may be affirmed, his illegal sentence shall be vacated and the district court must resentence defendant to a determinate sentence pursuant to the penalty provisions for La. R.S. 14:89 in effect at the time he committed the offense in 2011 and 2012. If, however, the trial court is unable to conduct a meaningful retrospective inquiry into defendant's competency to proceed at the time he originally pled guilty, or the trial court finds defendant was not competent to proceed at the time he originally pled guilty, the

---

[17] La. R.S. 14:89.1(A)(5) Aggravated crime against nature for a victim under the age of seventeen is punishable by imprisonment at hard labor for not less than three nor more than fifteen years.

trial court shall vacate defendant's original guilty plea and sentence, determine defendant's current competency to proceed, and take further action consistent with its finding.

**REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 7, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

## 19-KA-4

### E-NOTIFIED

23RD JUDICIAL DISTRICT COURT (CLERK)
HON. KATHERINE TESS STROMBERG (DISTRICT JUDGE)
LINDSEY D. MANDA (APPELLEE)          MARTIN E. REGAN, JR. (APPELLANT)

### MAILED

STAVROS PANAGOULOPOULOS
(APPELLANT)
ATTORNEY AT LAW
1515 SOUTH SALCEDO STREET
SUITE 130
NEW ORLEANS, LA 70125

BARRY S. RANSHI (APPELLANT)
HARRY B. WARD (APPELLANT)
ATTORNEYS AT LAW
2125 ST. CHARLES AVENUE
NEW ORLEANS, LA 70130

HONORABLE RICKY L. BABIN
(APPELLEE)
DISTRICT ATTORNEY
23RD JUDICIAL DISTRICT COURT
POST OFFICE BOX 66
CONVENT, LA 70723